Michael J. Stimson (SBN #224817) *(Application in progress)*
Helen Chae MacLeod (SBN #206618)
HOWREY LLP
2020 Main Street, Suite 1000
Irvine, CA 92614
Telephone:  949.721.6900
Facsimile:  949.721.6910
Email:  stimsonm@howrey.com
Email:  macleodh@howrey.com

Matthew J. Moore *(Pro hac vice application in progress)*
HOWREY LLP
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  202.783.0800
Facsimile:  202.383.6610
Email:  moorem@howrey.com

Attorneys for Defendant
PACIFICORP

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF THE WEST, KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, INC., THE PERMANENTE COMPANY, LLC, THE PERMANENTE FEDERATION, LLC, THE PERMANENTE MEDICAL GROUP, INC., and PACIFICORP<br><br>Defendants. | Case No. C07 03004 JL<br><br>**ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL ON PACIFICORP'S COUNTERCLAIM** |

HOWREY LLP

DM_US:20557064_2

1    Defendant PacifiCorp hereby answers Ronald A. Katz Technology Licensing, L.P.'s

2    ("RAKTL") Complaint For Patent Infringement ("Complaint") as follows:

3                                    **THE PARTIES**

4        1.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

5    the allegations in paragraph 1 of the Complaint and therefore denies the same.

6        2.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations in paragraph 2 of the Complaint and therefore denies the same.

8        3.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

9    the allegations in paragraph 3 of the Complaint and therefore denies the same.

10       4.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

11   the allegations in paragraph 4 of the Complaint and therefore denies the same.

12       5.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

13   the allegations in paragraph 5 of the Complaint and therefore denies the same.

14       6.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

15   the allegations in paragraph 6 of the Complaint and therefore denies the same.

16       7.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

17   the allegations in paragraph 7 of the Complaint and therefore denies the same.

18       8.    PacifiCorp admits that PacifiCorp is an Oregon entity maintaining its principal place of

19   business at 825 NE Multnomah, Portland, OR 97232.

20                           **JURISDICTION AND VENUE**

21       9.    PacifiCorp admits that RAKTL states claims for patent infringement arising under the

22   United States patent statutes, 35 U.S.C. § 1 *et seq.*

23       10.   PacifiCorp admits that this Court has jurisdiction over the subject matter of this action

24   under 28 U.S.C. §§ 1331 and 1338(a).

25       11.   PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in paragraph 11 of the Complaint and therefore denies the same.

27       12.   PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of

28   the allegations in paragraph 12 of the Complaint and therefore denies the same.

-2-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

13.     PacifiCorp admits that they are subject to this Court's personal jurisdiction.  PacifiCorp admits that it sells energy products and services in this State and District.  PacifiCorp admits it does business with and derives revenue from individuals in this State and District.  PacifiCorp admits that it has designated an agent for service of process in the State of California.  PacifiCorp denies the remaining allegations in paragraph 13 of the Complaint.

14.     PacifiCorp admits that venue is proper in this judicial district under 28 §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS

15.     PacifiCorp admits that on their face, U.S. Patent Nos. 4,930,150 ("the '150 patent"), 5,128,984 ("the '984 patent"), 5,255,309 ("the '309 patent"), 5,351,285 ("the '285 patent"), 5,561,707 ("the '707 patent"), 5,684,863 ("the '863 patent"), 5,787,156 ("the '156 patent"), 5,815,551 ("the '551 patent"), 5,828,734 ("the '734 patent"), 5,898,762 ("the '762 patent"), 5,917,893 ("the '893 patent"), 5,974,120 ("the '120 patent"), 6,035,021 ("the '021 patent"), 6,148,065 ("the '065 patent"), 6,335,965 ("the '965 patent"), 6,434,223 ("the '223 patent"), 6,512,415 ("the '415 patent"), and 6,678,360 ("the '360 patent") (hereafter "patents-in-suit") name Ronald A. Katz as inventor.  PacifiCorp denies the remaining allegations in paragraph 15 of the Complaint.

16.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the same.

17.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and therefore denies the same.

18.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the same.

19.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 and therefore denies the same.

20.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies the same.

21.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the same.

HOWREY LLP

-3-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

22.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26.    Denied as to PacifiCorp. PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 as to the other defendants, and therefore denies the same.

## THE PATENTS-IN-SUIT

27.    PacifiCorp admits that the '968 patent is entitled "Statistical Analysis System For Use With Public Communication Facility," and on its face names Ronald A. Katz as inventor and lists December 20, 1988 as the issue date. PacifiCorp denies the remaining allegations in paragraph 27 of the Complaint.

28.    PacifiCorp admits that the '150 patent is entitled "Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists May 29, 1990 as the issue date. PacifiCorp denies the remaining allegations in paragraph 28 of the Complaint.

29.    PacifiCorp admits that the '075 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists September 10, 1991 as the issue date. PacifiCorp admits that the term of the '075 patent expired no later than December 20, 2005. PacifiCorp denies the remaining allegations in paragraph 29 of the Complaint.

30.    PacifiCorp admits that the '404 patent is entitled "Telephone Call Processor with Select Call Routing," and on its face names Ronald A. Katz and Thomas D. Thompson as co-inventors and lists April 28, 1992 as the issue date. PacifiCorp admits that the term of the '404 patent expired no later than December 20, 2005. PacifiCorp denies the remaining allegations in paragraph 30 of the Complaint.

HOWREY LLP

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1    31.    PacifiCorp admits that the '984 patent is entitled "Telephone Interface Call Processing

2    System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists July 7, 1992

3    as the issue date.  PacifiCorp denies the remaining allegations in paragraph 31 of the Complaint.

4    32.    PacifiCorp admits that the '252 patent is entitled "Telephone Interface Call Processing

5    System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists October 5,

6    1993 as the issue date.  PacifiCorp denies the remaining allegations in paragraph 32 of the Complaint.

7    33.    PacifiCorp admits that the '309 patent is entitled "Telephonic-Interface Statistical

8    Analysis System," and on its face names Ronald A. Katz as inventor and lists October 19, 1993, as the

9    issue date.  PacifiCorp admits that the term of the '309 patent expired no later than December 20,

10    2005.  PacifiCorp denies the remaining allegations in paragraph 33 of the Complaint.

11    34.    PacifiCorp admits that the '023 patent is entitled "Telephonic-Interface Statistical

12    Analysis System," and on its face names Ronald A. Katz as inventor and lists November 2, 1993, as

13    the issue date.  PacifiCorp admits that the term of the '023 patent expired no later than December 20,

14    2005.  PacifiCorp denies the remaining allegations in paragraph 34 of the Complaint.

15    35.    PacifiCorp admits that the '285 patent is entitled "Multiple Format Telephonic Interface

16    Control System," and on its face names Ronald A. Katz as inventor and lists September 27, 1994 as the

17    issue date.  PacifiCorp admits that the term of the '285 patent expired no later than December 20,

18    2005.  PacifiCorp denies the remaining allegations in paragraph 35 of the Complaint.

19    36.    PacifiCorp admits that the '707 patent is entitled "Telephonic-Interface Statistical

20    Analysis System," and on its face names Ronald A. Katz as inventor and lists October 1, 1996, as the

21    issue date.  PacifiCorp admits that the term of the '707 patent expired no later than December 20,

22    2005.  PacifiCorp denies the remaining allegations in paragraph 36 of the Complaint.

23    37.    PacifiCorp admits that the '863 patent is entitled "Telephonic-Interface Statistical

24    Analysis System," and on its face names Ronald A. Katz as inventor and lists November 4, 1997 as the

25    issue date.  PacifiCorp admits that the term of the '863 patent expired no later than December 20,

26    2005.  PacifiCorp denies the remaining allegations in paragraph 37 of the Complaint.

27    38.    PacifiCorp admits that the '156 patent is entitled "Telephonic-Interface Lottery

28    System," and on its face names Ronald A. Katz as inventor and lists July 28, 1998 as the issue date.

-5-

1   PacifiCorp admits that the term of the '156 patent expired no later than December 20, 2005.

2   PacifiCorp denies the remaining allegations in paragraph 38 of the Complaint.

3       39.     PacifiCorp admits that the '551 patent is entitled "Telephonic-Interface Statistical

4   Analysis System," and on its face names Ronald A. Katz as inventor and lists September 29, 1998 as

5   the issue date.  PacifiCorp admits that the term of the '551 patent expired no later than December 20,

6   2005.  PacifiCorp denies the remaining allegations in paragraph 39 of the Complaint.

7       40.     PacifiCorp admits that the '734 patent is entitled "Telephone Interface Call Processing

8   System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists October 27,

9   1998 as the issue date.  PacifiCorp denies the remaining allegations in paragraph 40 of the Complaint.

10      41.     PacifiCorp admits that the '576 patent is entitled "Telephonic-Interface Lottery

11  Device," and on its face names Ronald A. Katz as inventor and lists November 10, 1998 as the issue

12  date.  PacifiCorp admits that the term of the '576 patent expired no later than July 10, 2005.

13  PacifiCorp denies the remaining allegations in paragraph 41 of the Complaint.

14      42.     PacifiCorp admits that the '762 patent is entitled "Telephonic-Interface Statistical

15  Analysis System," and on its face names Ronald A. Katz as inventor and lists April 27, 1999 as the

16  issue date.  PacifiCorp admits that the term of the '762 patent expired no later than December 20,

17  2005.  PacifiCorp denies the remaining allegations in paragraph 42 of the Complaint.

18      43.     PacifiCorp admits that the '893 patent is entitled "Multiple Format Telephonic Interface

19  Control System," and on its face names Ronald A. Katz as inventor and lists June 29, 1999 as the issue

20  date.  PacifiCorp admits that the term of the '893 patent expired no later than December 20, 2005.

21  PacifiCorp denies the remaining allegations in paragraph 43 of the Complaint.

22      44.     PacifiCorp admits that the '120 patent is entitled "Telephone Interface Call Processing

23  System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists October 26,

24  1999 as the issue date.  PacifiCorp denies the remaining allegations in paragraph 44 of the Complaint.

25      45.     PacifiCorp admits that the '021 patent is entitled "Telephonic-Interface Statistical

26  Analysis System," and on its face names Ronald A. Katz as inventor and lists March 7, 2000 as the

27  issue date.  PacifiCorp admits that the term of the '021 patent expired no later than December 20,

28  2005.  PacifiCorp denies the remaining allegations in paragraph 45 of the Complaint.

HOWREY LLP

-6-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

46.    PacifiCorp admits that the '135 patent is entitled "Telephone-Interface Lottery System," and on its face names Ronald A. Katz as inventor and lists March 28, 2000 as the issue date. PacifiCorp admits that the term of the '135 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 46 of the Complaint.

47.    PacifiCorp admits that the '065 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists November 14, 2000 as the issue date. PacifiCorp admits that the term of the '065 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 47 of the Complaint.

48.    PacifiCorp admits that the '965 patent is entitled "Voice-Data Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists January 1, 2002 as the issue date. PacifiCorp admits that the term of the '965 patent expired no later than December 20, 2005. PacifiCorp denies the remaining allegations in paragraph 48 of the Complaint.

49.    PacifiCorp admits that the '134 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists February 19, 2002 as the issue date. PacifiCorp admits that the term of the '134 patent expired no later than December 20, 2005. PacifiCorp denies the remaining allegations in paragraph 49 of the Complaint.

50.    PacifiCorp admits that the '223 patent is entitled "Telephone Interface Call Processing System With Call Selectivity," and on its face names Ronald A. Katz as inventor and lists August 13, 2002 as the issue date. PacifiCorp admits that the term of the '223 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 50 of the Complaint.

51.    PacifiCorp admits that the '415 patent is entitled "Telephonic-Interface Game Control System," and on its face names Ronald A. Katz as inventor and lists January 28, 2003 as the issue date. PacifiCorp admits that the term of the '415 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 51 of the Complaint.

52.    PacifiCorp admits that the '967 patent is entitled "Voice-Data Telephonic Interface Control System," and on its face names Ronald A. Katz as inventor and lists May 27, 2003 as the issue date. PacifiCorp admits that the term of the '967 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 52 of the Complaint.

HOWREY LLP

-7-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

53.     PacifiCorp admits that the '360 patent is entitled "Telephonic-Interface Statistical Analysis System," and on its face names Ronald A. Katz as inventor and lists January 13, 2004 as the issue date.  PacifiCorp admits that the term of the '360 patent expired no later than July 10, 2005. PacifiCorp denies the remaining allegations in paragraph 53 of the Complaint.

## COUNT I
## (PATENT INFRINGEMENT BY BANK OF THE WEST)

54.     PacifiCorp incorporates by reference its responses to paragraphs 1-53 of the Complaint.

55.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint and therefore denies the same.

56.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint and therefore denies the same.

57.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Complaint and therefore denies the same.

58.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint and therefore denies the same.

59.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint and therefore denies the same.

60.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies the same.

## COUNT II
## (PATENT INFRINGEMENT BY THE KAISER PERMANENTE DEFENDANTS)

61.     PacifiCorp incorporates by reference its responses to paragraphs 1-60 of the Complaint.

62.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint and therefore denies the same.

63.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint and therefore denies the same.

64.     PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Complaint and therefore denies the same.

HOWREY LLP

-8-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

65.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies the same.

66.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint and therefore denies the same.

67.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint and therefore denies the same.

**COUNT III**
**(PATENT INFRINGEMENT BY PACIFICORP)**

68.    PacifiCorp incorporates by reference its responses to paragraphs 1-53 of the Complaint.

69.    PacifiCorp lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies the same.

70.    PacifiCorp admits that it operates automated telephone systems including customer service systems that allow their customers to perform and obtain energy and utility customer services over the telephone.

71.    PacifiCorp denies that it has infringed any valid claim of any of the patents identified in paragraph 69 of the Complaint.

72.    PacifiCorp denies that it infringes any valid claim of the '984, '734, or '120 patents.

73.    PacifiCorp denies the allegations of paragraph 73 of the Complaint.

74.    PacifiCorp denies the allegations in paragraph 74 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**
**(Non-Infringement)**

75.    PacifiCorp does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any valid claim of the '150, '984, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '065, '965, '223, '415 and '360 patents (hereinafter "the Count III Patents") individually or collectively.

HOWREY LLP

-9-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

### SECOND AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

76.    RAKTL is estopped from maintaining that the one or more claims asserted by RAKTL of the Count III Patents cover any telephone systems operated by PacifiCorp.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity under 35 U.S.C. §§ 101, 102, 103 and 112)

77.    The one or more claims asserted by RAKTL of the Count III patents are invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

### FOURTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

78.    The Count III patents are unenforceable for inequitable conduct committed before the United States Patent and Trademark Office during the prosecution of the applications that issued as these patents and/or related applications as described with particularity in the averments of PacifiCorp's Counterclaim below, which averments are realleged and reincorporated herein by reference as if set forth in full.

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Laches)

79.    RAKTL's claims are barred by the equitable doctrines of waiver, estoppel and/or laches.

80.    The patents-in-suit are unenforceable due to prosecution laches in light of RAKTL's unreasonable delay in seeking the claims of the patents-in-suit.

81.    The patents-in-suit are unenforceable due to laches in light of RAKTL's unreasonable delay in asserting the claimed inventions.

### SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands/Patent Misuse)

82.    RAKTL is barred from any relief in this action, and at least the '734, '120, and '223 patents are unenforceable under the doctrines of unclean hands and/or patent misuse because RAKTL

-10-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1  has asserted at least the '734, '120, and '223 patents with knowledge that at least one claim in each of

2  these patents is invalid.

3                          **SEVENTH AFFIRMATIVE DEFENSE**
                                  **(Statute of Limitations)**
4

5      83.     To the extent RAKTL seeks damages for alleged infringement more than six years prior

6  to the filing of the present litigation, RAKTL's claims are barred by the statute of limitations under 35

7  U.S.C. § 286.  To the extent RAKTL alleges infringement of additional patents that were not asserted

8  when this suit was filed, RAKTL's amendments do not relate back to the date of the original filing

9  under Fed. R. Civ. P. 15(c).

10                          **EIGHTH AFFIRMATIVE DEFENSE**
                                    **(Notice/Marking)**
11

12     84.     RAKTL is precluded by 35 U.S.C. § 287 from seeking damages for any alleged

13  infringement prior to providing actual notice of the patents-in-suit to PacifiCorp.

14                          **NINTH AFFIRMATIVE DEFENSE**
                              **(Collateral Estoppel/ Res Judicata)**
15

16     85.     RAKTL is barred from any relief in this action as to the Count III patents under the

17  doctrines of collateral estoppel and/or res judicata because RAKTL has asserted claims or causes of

18  action that have been litigated in prior proceedings at which RAKTL was given full and fair

19  opportunity to litigate claims or causes of action and in which a final judgment was entered.

20                              **<u>COUNTERCLAIM</u>**

21               **(Declaratory Judgment Regarding Unenforceability)**

22

23      Counterclaim plaintiff PacifiCorp alleges the following counterclaims against Counterclaim

24  defendant RAKTL.

25     86.     PacifiCorp incorporates by reference its responses to paragraphs 1-69 of the Complaint.

26     87.     PacifiCorp is an Oregon entity maintaining its place of business at 825 NE Multnomah,

27  Portland, OR 97232.

28

-11-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

88.    On information and belief, RAKTL is a limited partnership organized under the laws of the State of California, and having a principal place of business at 9220 Sunset Blvd. #315, Los Angeles, California 90069.

89.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq*.

90.    RAKTL has submitted to the personal jurisdiction of this Court.

91.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because RAKTL filed this action in this district.

92.    RAKTL purports to be the sole holder of the entire right, title and interest in the Count III Patents (the '150, '984, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '065, '965, '223, '415 and '360 patents).

93.    RAKTL has sued PacifiCorp in the present action, alleging infringement of one or more claims of the Count III Patents.  Thus, an immediate, real and justiciable controversy exists between RAKTL and PacifiCorp with respect to the alleged enforceability of the Count III patents.

94.    PacifiCorp requests a declaratory judgment that each of the Count III patents is unenforceable.

95.    The Count III Patents are unenforceable for inequitable conduct committed before the United States Patent and Trademark Office during the prosecution of the applications that issued as these patents and/or related applications.

96.    During the prosecution of the applications that ultimately led to the issuance of the patents-in-suit or the applications upon which priority is claimed, the named inventor, Ronald A. Katz, and/or his attorneys and appointed representatives, individually or collectively (hereafter "Katz") engaged in inequitable conduct, thereby rendering the Count III patents unenforceable.

97.    Upon information and belief, Katz committed acts or omissions, or exercised a pattern or practice of conduct during the prosecution of the applications that issued as the Count III patents and/or related applications in the Patent and Trademark Office, which violated the duty of candor owed by patent applicants, with the intent to deceive the Patent and Trademark Office and its agents into issuing patent claims of a scope beyond any to which Katz was entitled.  This conduct included

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1    intentionally withholding material prior art from the Patent and Trademark Office, and making false

2    and misleading statements.

3    **I.    Withholding Material Prior Art**

4    **A.    Barger**

5    98.    Katz's acts, omissions, pattern or practice of misconduct included, for example, its

6    failure to disclose U.S. Patent No. 4,071,698 to Barger, Jr. et al. ("the Barger patent") to the Patent and

7    Trademark Office during the prosecution of many of Katz's patents.  The Barger patent issued in

8    January 1978.

9    99.    One or more of the Count III patents are unenforceable as a result of Katz's misconduct

10   pertaining to the Barger patent.  Such misconduct occurred in one or more acts before the Patent and

11   Trademark Office during the prosecution of the Count III patents, or patents related thereto, or

12   applications to which these patents allege priority.  Misconduct also occurred in one or more acts

13   before the Patent and Trademark Office during the prosecution of U.S. Patent Nos. 6,292,547 ("the

14   '547 patent"), 5,073,929 ("the '929 patent"), 4,845,739 ("the '739 patent"), and the '707, '150, and

15   '285 patents.  The misconduct includes, but is not limited to the following:

16   **i.    Materiality**

17   100.    The Barger patent teaches an interactive telephone voice system for marketing

18   merchandise.  The Barger patent discloses among other things that the customer selects and listens to

19   an audio demonstration and may arrange payment by credit card or other means.  The disclosed system

20   maintains, for example, a complete record of all transactions, including demonstrations selected by

21   each customer, in order to maintain current inventory records and to determine trends.  The system can

22   use this transaction history, for example, to determine whether a customer is a "free loader," and

23   accordingly limit a customer's access to the system.

24   101.    As a further example, the system disclosed in the Barger patent is capable of assigning a

25   caller to an operator, who obtains required information from the customer that is placed in a database.

26   When the customer requests a specific demonstration, the operator enters the appropriate code into the

27   system and plays it for the customer.  Upon completion of the demonstration, the customer call reverts

28   to a live operator, who will take the order.

**HOWREY LLP**
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

102.    The Barger patent is relevant to claims prosecuted by Katz in many respects.  As one example, the Barger patent teaches storing data entered by a caller in a record, limiting the number of times a caller can access the system, and entering credit card information.

103.    The Barger patent discloses many of the central features claimed by Katz in various patent applications.

104.    The Barger patent would have been material or relevant to the Patent and Trademark Office in deciding whether to issue patents on Katz's various patent applications.

105.    With respect to other Katz patents in the same or similar families as the patents-in-suit, third parties have relied on the Barger patent to petition the Patent and Trademark Office to reexamine certain Katz patents, including the '707 patent and the '547 patent.   An examiner rejected certain of Katz's pending claims in the '707 or '547 patent applications based in part on the teachings of the Barger patent, and the Patent and Trademark Office Board of Patent Appeals And Interferences affirmed that rejection in Appeal No. 94-0834, Application Serial No. 07/640,337 (Feb. 17, 1998), at 13.  The '707 and '547 patents contain specifications substantially identical to that of the '739 patent.

### ii.    Intent

106.    The Barger patent was filed in the Patent and Trademark Office in or about January 1978, a full seven years before Katz's first relevant application.  Upon information and belief, Katz had knowledge of the relevance and materiality of the Barger patent to Katz's various claims pending before the Patent and Trademark Office since at least as early as December 1988.

107.     Upon information and belief, the European Patent Office sent a search report for one of Katz's corresponding European patent applications to Katz's European patent attorney, Graham Frederick Coles in or about December 1988.  Upon information and belief, Mr. Coles sent a copy of the search report to Byard Nilsson, an attorney handling prosecution of many of Katz's applications, in or about January 1989.

108.    That search report identified the Barger patent as being "particularly relevant" to Katz's applications.

109.    Katz was under a duty to disclose to the Patent and Trademark Office information material to Katz's applications (including prior art cited in foreign patent prosecutions).  Katz failed to

-14-

HOWREY LLP

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1  disclose the Barger patent to the Patent and Trademark Office during the prosecution of at least the

2  '739, '929, '984, '150, '285 and '965 patents.

3       110.    On information and belief, Katz's failure to disclose the Barger patent was done

4  deliberately and with the intent to deceive the Patent and Trademark Office into issuing patent claims

5  of a scope beyond any to which Katz was entitled in at least the '739, '929, '984, '150, '285 and '965

6  patents.

7       111.    Katz's intentional failure to disclose the Barger patent, with knowledge of its

8  materiality during prosecution of the '739, '929, '984, '150, '285 and '965 patents, constitutes

9  inequitable conduct.

10                       **iii.    Unenforceability**

11      112.    Katz was aware of both the significance and relevance of the Barger patent as alleged

12  herein.  Katz's failure to disclose the Barger patent to the Patent and Trademark Office during

13  prosecution of at least the '739, '929, '984, '150, '285 and '965 patents constituted inequitable

14  conduct.

15      113.    The '984, '150, '285 and '965 patents are rendered unenforceable due to the inequitable

16  conduct that occurred during prosecution of their respective applications.

17      114.    The inequitable conduct during prosecution of the '739 patent infects and makes

18  unenforceable the '984, '285, '863, '551, '734, '893, '120, '065, '965, '223, '309, '707 and '360

19  patents each of which is related to the '739 by virtue of claiming priority from the '739 patent.  For

20  each of the above patents, the subject matter of one or more claims includes Barger-related subject

21  matter at issue during the prosecution of the '739 patent.

22      115.    In addition, the inequitable conduct during prosecution of the '739 patent infects and

23  makes unenforceable the '893, '863, '551, '065, '360, '309 and '707 patents, each of which is closely

24  related to the '739 patent (among others).  The interrelatedness of these patents and the '739 patent  is

25  further demonstrated, for example, by Katz having disclaimed for each of the '893, '863, '551, '065,

26  '360, '309 and '707 patents any patent term subsequent to the patent term of the '739 patent.  In most

27  instances, the disclaimer was in response to double patenting rejections made by the Patent and

28  Trademark Office, which indicated that the claimed inventions were not patentably distinct.

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

116.    Thus, at least the Count III patents are each rendered unenforceable due to Katz's inequitable conduct during prosecution of the '739 patent.

117.    The inequitable conduct during prosecution of the '929 and '984 patents also infects and makes unenforceable the '965, '984, '734, '120 and '223 patents, which claims priority from the '929 and '984 patents, as well as from the '739 patent.  In the '965, '984, '734, '120 and '223 patents, the subject matter of one or more claims includes Barger-related subject matter at issue during prosecution of the '929, '984, and '739 patents.

118.    Thus, at least the '965, '984, '734, '120 and '223 patents are rendered unenforceable due to the inequitable conduct that occurred during prosecution of the '984, '929 and '739 patents.

119.    The inequitable conduct during prosecution of the '150 and '285 patents also infects and makes unenforceable the '893 patent, which claims priority from the '150 and '285 patents, as well as from the '739 patent.  In the '893 patent, the subject matter of one or more claims includes Barger-related subject matter at issue during prosecution of the '150, '285 and '739 patents.

120.    Thus, the '893 patent is rendered unenforceable due to the inequitable conduct that occurred during prosecution of the '150, '285 and '739 patents.

121.    The inequitable conduct concerning the Barger patent renders unenforceable each of the Count III patents.

**B.    DeBruyn**

122.    Katz's acts, omissions, pattern or practice of misconduct also included, for example, withholding European Patent Specification No. 32,410 to DeBruyn (the "DeBruyn patent") from the Patent and Trademark Office during the prosecution of many of Katz's early patents.  The DeBruyn patent was published on July 22, 1981.

123.    One or more of the Count III patents are unenforceable as a result of Katz's misconduct pertaining to the DeBruyn patent.  Such misconduct occurred in one or more acts before the Patent and Trademark Office during the prosecution of the Count III patents, or patents related thereto, or applications for which the these patents allege priority.  Misconduct also occurred in one or more acts before the Patent and Trademark Office during prosecution of U.S. Patent No. 5,048,075 ("the '075

HOWREY LLP

-16-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

1  patent") and the '739, '150, '929, '984, and '252 patents.  The misconduct includes, but is not limited

2  to the following:

3                                    **i.    Materiality**

4         124.    The DeBruyn patent teaches an interactive telephone voice system for implementing a

5  lottery.  It is relevant to the Katz claims in many respects.

6         125.    The DeBruyn patent was cited in the same European search report that identified the

7  Barger patent.  The European search report identified the DeBruyn patent as "particularly relevant."

8         126.    The DeBruyn patent is substantively identical to Canadian Patent 1,162,336 ("the DeBruyn

9  Canadian patent").  The DeBruyn patent and DeBruyn Canadian patent disclose many features relevant

10 to Katz's claims.  These include but are not limited to receiving a caller's telephone number from the

11 public telephone network, prompting the caller with instructions, receiving data entered via touch-tone

12 telephone keypads, storing caller-entered data, processing caller-entered data, and qualifying callers.

13        127.    The Director of the Patent and Trademark Office has relied on the substantively identical

14 DeBruyn Canadian patent  in ordering the reexamination of several of Katz's patents related to the patents-

15 in-suit, including the '707 patent, and U.S. Patent Nos. 5,255,309 ("the '309 patent") and 5,259,023 ("the

16 '023 patent").

17        128.    As to the '309 patent, for example, the Director stated:  "In view of the teachings of [the

18 DeBruyn Canadian Patent], a substantial new question of patentability is raised as to claim 23 of the ['309

19 patent], and a reexamination of all the patent claims as to the substantial new question of patentability is

20 appropriate."    Reexamination Control No. 90/006,976, Director Initiated Order For Reexamination mailed

21 March 26, 2004, at 6.

22        129.    Similarly, the Director has determined that the DeBruyn patent anticipates, for example, at

23 least one claim in each of the '023 and '707 patents under 35 U.S.C. § 102.

24        130.    An Examiner at the Patent and Trademark Office has determined that the DeBruyn

25 Canadian patent anticipates at least claims 1, 2, 7, 8, 10, 21 and 22-27 of the '023 patent under 35

26 U.S.C. § 102(b).  Reexamination Control Nos. 90/006,977 and 90/007,058 [Merged Proceedings],

27 Office Action mailed September 1, 2005, at 2-9.  The Examiner has also relied on the DeBruyn

28

HOWREY LLP

-17-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

1 | Canadian patent in rejecting claims 5, 6, 22 and 23 of the '023 patent under 35 U.S.C. § 103. *Id.* at 24-

2 | 26, 28.

3 | 131.    The Examiner also has determined that the DeBruyn Canadian patent anticipates at least

4 | claims 23, 25-37, 41-43, 46, 50 and 51 of the '309 patent under 35 U.S.C. § 102(b). Reexamination

5 | Control Nos. 90/006,976 and 90/007,092 [Merged Proceedings], Office Action mailed September 9,

6 | 2005, at 2, 9-19. The Examiner has also relied on the DeBruyn Canadian patent in rejecting claims 1,

7 | 7-12, 14, 20, 24, 32, 38-42 and 52-58 of the '309 patent under 35 U.S.C. § 103. *Id.* at 2, 32-43.

8 | 132.    Each of the '707, '309 and '023 patents, on its face, is asserted by Katz to be a continuation

9 | of the '739 patent.

10 | **ii.    Intent**

11 | 133.    The DeBruyn patent was filed in the Patent and Trademark Office on July 22, 1981, nearly

12 | four years before Katz's first relevant application. Upon information and belief, Katz had knowledge of

13 | the relevance and materiality of the DeBruyn patent to Katz's various claims pending before the Patent

14 | and Trademark Office, since at least as early as December 1988 through at least the European search

15 | report.

16 | 134.    Katz failed to disclose this prior art to the Patent and Trademark Office during the

17 | prosecution of at least the '739, '150, '075, '929, '984, and '252 patents.

18 | 135.     On information and belief, Katz's failure to disclose the DeBruyn patent was done

19 | deliberately and with the intent to deceive the Patent and Trademark Office into issuing patent claims

20 | of a scope beyond any to which Katz was entitled in at least the '739, '150, '075, '929, '984, and '252

21 | patents.

22 | 136.    Katz's intentional failure to disclose the DeBruyn patent, with knowledge of its

23 | materiality during prosecution of the '739, '150, '075, '929, '984, and '252 patents constitutes

24 | inequitable conduct.

25 | **iii.    Unenforceability**

26 | 137.    The '150 and '984 patents are rendered unenforceable due to Katz's inequitable conduct

27 | during prosecution of their respective applications.

28 |

HOWREY LLP

-18-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

138.    The inequitable conduct during prosecution of the '739 patent infects and makes unenforceable the '984, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '065, '965, '223, '415 and '360 patents, each of which is related to the '739 by virtue of claiming priority from the '739 patent.  For each of the above patents, the subject matter of one or more claims includes DeBruyn-relevant subject matter at issue during the '739 patent prosecution.

139.    The inequitable conduct during prosecution of the '739 patent infects and makes unenforceable also the '893, '863, '551, '065, '360, '309 and '707 patents, each of which is closely related to the '739 patent (among others).  The interrelatedness of these patents and the '739 patent is demonstrated, for example, by Katz having disclaimed for each of the '893, '863, '551, '065, '360, '309 and '707 patents any patent term subsequent to the patent term of the '739 patent. In most instances, the disclaimer was in response to double patenting rejections made by the Patent and Trademark Office, which indicated that the claimed inventions were not patentably distinct.

140.    Thus, the Count III patents are rendered unenforceable for inequitable conduct that occurred during prosecution of the '739 patent.

141.    The inequitable conduct that occurred during prosecution of the '252, '929 and '984 patents also infects and makes unenforceable the '984, '734, 120 and '223 patents, which claim priority from the '252, '929 and '984 patents,

142.    In the '965, '984, '734, '965, '120 and '223 patents, the subject matter of one or more claims includes subject matter that was at issue during prosecution of the '252, '984, '929, and '739 patents and to which DeBruyn would have been relevant.

143.    Thus, the '965, '984, '734, '120 and '223 patents are rendered unenforceable due to the inequitable conduct that occurred during prosecution of the '929, '984 and '252 patents.

144.    The inequitable conduct during prosecution of the '150 patent also infects and makes unenforceable the '893 and '285 patents, which claim priority from the '150 patent, as well as from the '739 patent.  In the '893 and '285 patents, the subject matter of one or more claims includes subject matter that was at issue during prosecution of the '150 and '739 patents and to which DeBruyn would have been relevant.

HOWREY LLP

-19-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

145.   Thus, the '893 and '285 patents are rendered unenforceable due to the inequitable conduct that occurred during prosecution of the '150 and '739 patents.

146.   The inequitable conduct concerning the DeBruyn patent renders the Count III patents unenforceable.

### C.   Katz PCT

147.   Katz's acts, omissions, pattern or practice of misconduct also included, for example, failing to disclose to the Patent and Trademark Office the publication of Katz's own '375 application, PCT application WO 87/00375 (the "375 application"), during the prosecution of at least the '739 patent. The '375 application was published on January 15, 1987.

### i.   Materiality

148.   The published '375 application would be considered prior art for any claims with a filing date more than a year after the publication date (January 15, 1987). 35 U.S.C. § 102(b). The filing date of the application that issued as the '739 patent was more than one year after the '375 application was published.

149.   The published '375 application is relevant to many of the basic elements under consideration by the Patent and Trademark Office in the '739 and related patents.  In particular, the published '375 application constituted prior art to all the claims that incorporated any new subject matter added in the application for the '739 patent, which was filed on May 16, 1988.

150.   The published '375 application would have been material to the examiner in determining what claims, if any, Katz might be entitled to relating to the '739 patent, including many of the basic elements claimed in the '739 patent such as prompting the caller with instructions, receiving data entered via touch-tone telephone keypads, storing caller-entered data, processing caller-entered data, and qualifying callers.

### ii.   Intent

151.   Despite knowledge of this reference, which was itself a Katz application, and its materiality, Katz did not bring the published '375 application to the attention of the patent examiner during the prosecution of the '739 patent.  Instead, Katz allowed the examiner to issue the '739 patent without considering the prior art effect of the published '375 application.

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

152.    Accordingly, Katz's knowing failure to cite this reference to the Patent and Trademark Office as alleged herein constitutes inequitable conduct.

### iii.    Unenforceability

153.    As the '739 patent is relied upon by Katz as a parent to each of the '984, '285, '863, '551, '734, '893, '120, '065, '965, '223, '707 and '360 patents, these patents are rendered unenforceable by Katz's earlier omission to the Patent and Trademark Office.

154.    The '984, '285, '863, '551, '734, '893, '120, '065, '965, '223, '223, '309, '707 and '360 patents each contain one or more claims with subject matter that includes subject matter that was at issue during the '739 patent prosecution and to which the '375 application would have been relevant.  The above patents are thus rendered unenforceable through infectious unenforceability.

155.    The interrelatedness of the '893, '863, '551, '065, '360, '309 and '707 patents is demonstrated, for example, by Katz having disclaimed for each of the '893, '863, '551, '065, '360, '309 and '707 patents any patent term subsequent to the patent term of the '739 patent.

156.    In most instances, the disclaimer was in response to double patenting rejections made by the Patent and Trademark Office, which indicated that the claimed inventions were not patentably distinct.

157.    The inequitable conduct concerning the '375 application renders unenforceable the '984, '285, '863, '551, '734, '893, '120, '065, '965, '223, '309, '707 and '360 patents.

### D.    Periphonics

158.    Katz's pattern of misconduct also included, for example, withholding relevant and material prior art by the Periphonics Corporation ("Periphonics") from the Patent and Trademark Office during the prosecution of the '707, '965, '285, '893, '762, and '551 patents.  Upon information and belief, the Periphonics prior art became known to Katz at least as early as April 1993.

### i.    Materiality

159.    Upon information and belief, in or about April 1993, Katz obtained copies of numerous items of relevant prior art by Periphonics.  Such prior art was provided under Bates numbers W72807-W73756 ("the West materials") to Harold Wurst, Esq. of Nilsson, Wurst & Green ("the Nilsson firm") in connection with *First Data Resources, Inc. v. West Interactive Corp.*, CV 91-4471TJH, U.S. District

-21-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

Court, Central District of California ("the West case"), The Nilsson firm was involved in prosecuting many of Katz's patent applications, some of which would ultimately issue as the patents-in-suit.

160.    During prosecution of U.S. Patent Application No. 08/306,456, which issued as the '965 patent, Katz submitted only some of the West materials, and withheld or failed to submit to the Patent and Trademark Office other relevant and material West materials.

161.    The West materials provided to Katz included a number of Periphonics references, including (1) Bank-From-Home Product Description, Publication #3000002, January 7, 1980 ("the Bank-From-Home reference") (W73055-W73095) and (2) Periphonics VoicePac System with Peritalk/Announce Product Description and user Guide, Publication #3270601C, 1987 ("the VoicePac reference") (W73219-W73302).

162.    The Bank-From-Home reference was, upon information and belief, knowingly withheld by Katz during prosecution of at least these patents with knowledge of their materiality.

163.    The Bank-From-Home reference is highly relevant to many claims of the patents-in-suit.  It describes such limitations of claims of the patents-in-suit as structures for interfacing, storing, qualifying, switching, processing, voice generation, verifying credit and designating, as related to callers to the disclosed system.

164.    The VoicePac reference was, upon information and belief, knowingly withheld by Katz during prosecution of at least these patents with knowledge of their materiality.

165.    The VoicePac reference is highly relevant to many claims of the patents-in-suit.  It describes such limitations of claims of the patents-in-suit as interfacing callers to the system and transferring callers to a customer service representative.

### ii.    Intent

166.    The Periphonics prior art and other relevant and material West materials constituting prior art came into Katz's knowledge at least as early as Aril 1993, nineteen months before the '965 patent issued.  Upon information and belief, Katz had knowledge of the relevance and materiality of the Periphonics and other West materials to claims pending before the Patent and Trademark Office.

167.    Indicating his knowledge of the existence and materiality of this undisclosed material, Katz's application for the '965 patent stated:  "During litigation [of the West case], a voluminous

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1  quantity of prior art, that is, some 500 items (including single or plural related documents grouped

2  together), were identified by the defendant.  However, during pretrial procedures, the defendant

3  distilled the applied art to 59 separate items (including single or plural related documents)."  U.S.

4  Patent Application No. 08/306,456, Paper no. 3, filed November 4, 1994.  Katz also stated:  "The

5  voluminous quantity of art identified during litigation, excluding the 59 items (Set I), is listed on the

6  second set of forms PTO-1449 (Supplemental I)."  Paper no. 3, filed November 4, 1994.

7      168.    Katz made the same statements in other applications, which issued as U.S. Patent No.

8  5,561,707 ("the '707 patent") (IDS filed November 14, 1994), the '285 patent (IDS filed September

9  20, 1994) and the parent application of the '893 patent (IDS filed November 7, 1994 in Application

10  No. 08/306,751).

11      169.    During the prosecution of still other applications, Katz used similar language that refers

12  the examiner to the references disclosed during prosecution of the '707 patent.  These other

13  applications include the '863 patent (Amendment filed May 6, 1996, at 44; IDS filed October 18,

14  1996), the '762 patent (IDS filed January 16, 1997) and the '551 patent (IDS filed October 2, 1996).

15      170.    Katz was under a duty to disclose to the Patent and Trademark Office information

16  material to Katz's applications.

17      171.    Katz withheld and failed to submit this material prior art.

18      172.    Katz's intentional failure to disclose all of the relevant and material West materials

19  during prosecution of the '707, '965, '285, '863, '762 and '551 patent applications pending before the

20  Patent and Trademark Office, with knowledge of its materiality, was a violation of the duty of candor

21  and good faith owed to the Patent and Trademark Office, and constitutes inequitable conduct.

22          **iii.    Unenforceability**

23      173.    Thus, at least the '965, '285, '863, '707 and '551 patents are rendered unenforceable

24  due to the inequitable conduct that occurred during prosecution of their respective applications.

25      174.    The '065 and '360 patents have specifications substantially identical to those of the

26  '707, '863, '762 and '551 patents.

27      175.    In addition, they rely for priority on U.S. Patent No. 4,845,739 ("the '739 patent"), also

28  having a substantially identical specification.

-23-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

176. The '065 and '360 patents contain claims with subject matter that includes subject matter that was at issue during prosecution of the '707, '863, '762, '551 and '739 patents.

177. In addition, due to the interrelatedness of the '893, '065 and '360 patents, Katz has disclaimed any patent term subsequent to the patent term of the '739 patent, in most instances in response to double patenting rejections made by the Patent and Trademark Office indicating that the claimed inventions were not patentably distinct.

178. The inequitable conduct during prosecution of the '285 patent also infects and makes unenforceable the '893 patent, which claims priority from the '285 patent. In the '893 patent, the subject matter of one or more claims includes subject matter that was at issue during prosecution of the '285 patent and to which the withheld West materials would have been relevant.

179. Thus, the '893 patent is rendered unenforceable due to the inequitable conduct that occurred during prosecution of the '285 patent.

180. Thus, Katz's inequitable conduct renders each of the '965, '285, '863, '551, '893, '065, '707 and '360 patents unenforceable.

## II. False and Misleading Statements

181. Katz knowingly made false and misleading statements or omissions to the Patent and Trademark Office, including representations about the priority dates for claims of pending Katz applications.

182. Upon information and belief, such statements were made with the intent that the Patent and Trademark Office would rely upon such false and misleading statements to remove as prior art references that were before the Patent and Trademark Office in Katz's pending applications.

183. Such false and misleading statements by Katz included statements in the prosecution of application serial number 07/425,779, which issued as the '984 patent. During that prosecution, the Patent Examiner rejected claim 10 of the application under 35 U.S.C. § 103 "as being unpatentable over Fodale in combination with the teachings of WO 87/00375 ('the '375 application')." Office Action dated March 21, 1991. In response to this rejection, Katz stated that the cited international application "is not properly a reference against the present case." Katz's Amendment dated June 20, 1991.

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

184.    The '375 application was in fact properly cited by the Patent Examiner as a reference against claim 10 of the application.  Nevertheless, claim 10 proceeded and issued as part of the '984 patent.

185.    Upon information and belief, Katz's statement leading to the '984 patent was knowingly false and with the intent to deceive the Patent and Trademark Office into issuing patent claims in the '984 patent of a scope beyond any to which Katz was entitled.

186.    Katz's conduct violated the duty of candor owed by patent applicants to the Patent and Trademark Office, and constitutes inequitable conduct.

187.    As a result of Katz's inequitable conduct, the '984 patent is unenforceable.

188.    The unenforceability of the '984 patent infects and renders unenforceable the '734, '120 and '223 patents through the doctrine of infectious unenforceability.

189.    The '734, '120 and '223 patents share a substantially identical specification with the '984 patent, claim priority to the '984 patent and claim subject matter encompassing similar scope to the rejected application claim 10 of the '984 patent.

190.    Due to the interrelatedness of the '734 and '120 applications and the '984 patent, Katz disclaimed for the '734 and '120 patents any patent term subsequent to the patent term of the '984 patent.  Katz did so in response to double patenting rejections, whereby the Patent and Trademark Office indicated that the claimed inventions in the '734 and '120 patents were not patentably distinct.

191.    Thus, the conduct during prosecution of the '984 patent also renders the '734, '120 and '223 patents unenforceable.

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1

**PRAYER FOR RELIEF**

2

THEREFORE, PacifiCorp prays that the Court grant it the following relief:

3

      (1)     deny any and all relief requested by RAKTL, as set forth in the Request For

4

Relief of the Complaint, and dismiss the Complaint with prejudice;

5

      (2)     declare that the '150, '984, '309, '285, '707, '863, '156, '551, '734, '762, '893,

6

'120, '021, '065, '965, '223, '415 and '360 patents are unenforceable;

7

      (3)     declare that PacifiCorp does not infringe, has not infringed, does not induce

8

infringement and has not induced infringement or contributed to infringement of any valid

9

claim asserted by RAKTL of the Count III Patents;

10

      (4)     declare that the one or more claims asserted by RAKTL of the Count III Patents

11

are invalid;

12

      (5)     declare this case to be exceptional as against RAKTL and award PacifiCorp its

13

reasonable attorneys' fees and costs; and

14

      (6)     grant PacifiCorp such other relief as this Court deems just and proper.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-26-

ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Defendant and Counterclaim Plaintiff PacifiCorp hereby demands a jury trial on PacifiCorp's

Counterclaim, as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Date:  July 3, 2007                                        Respectfully submitted,


                                                /s/   Helen Chae MacLeod
                                                Helen Chae MacLeod (SBN #206618)
                                                Michael J. Stimson (SBN #224817) *(Application in progress)*
                                                **HOWREY LLP**
                                                2020 Main Street, Suite 1000
                                                Irvine, CA 92614
                                                Telephone:  949-721-6900
                                                Facsimile:  475-721-6910
                                                Email:  macleodh@howrey.com
                                                Email:  stimsonm@howrey.com

                                                Matthew J. Moore *(Pro hac vice application in progress)*
                                                **HOWREY LLP**
                                                1299 Pennsylvania Avenue, NW
                                                Washington, DC  20004
                                                Telephone:  202-783-0800
                                                Facsimile:  202-383-6610
                                                Email:     moorem@howrey.com
                                                *Attorneys for Defendant and Counterclaim Plaintiff*
                                                PACIFICORP


        The electronic filer hereby attests that the individual whose name appears below has signed this

document. *See* General Order 45, Section X.

**HOWREY LLP**

-27-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL
DM_US:20557064_2

1

**PROOF OF SERVICE**

2

CALIFORNIA                    )
                              )    ss.:
3                             )

4

I am employed in California.  I am over the age of 18 and not a party to the within action.  My
5  business address is 2020 Main Street, Suite 1000, Irvine, CA. 92614.

6

On July 3, 2007, I served on the interested parties in said action the within:

7

**ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ
TECHNOLOGY LICENSING, L.P.'S COMPLAINT FOR PATENT INFRINGEMENT**

8

☐    (OVERNIGHT DELIVERY) by depositing in a box or other facility regularly maintained by
9        Federal Express, an express service carrier, or delivering to a courier or driver authorized by
         said express service carrier to receive documents, a true copy of the foregoing document in
10       sealed envelopes or packages designated by the express service carrier, addressed as stated
         below, with fees for overnight delivery paid or provided for and causing such envelope(s) to be
11       delivered by said express service carrier.

12  ☒    (ELECTRONIC SERVICE) was filed electronically with the Clerk of Court to be served by
         operation of the Court's electronic filing system upon the following:

13
    Frank V. Pietrantonio                        Stephen C. Neal
14  Jonathan G. Graves                           Linda F. Callison
    Cooley Godward Kronish LLP                   Cooley Godward Kronish LLP
15  One Freedom Square                           Five Palo Alto Square
    11951 Freedom Drive                          3000 El Camino Real
16  Reston, VA  20190                            Palo Alto, CA  94306

17
    Jason A. Crotty
18  Morrison & Foerster LLP
    425 Market Street
19  San Francisco, CA  94105-2482

20

I declare under penalty of perjury that service was made and that the foregoing is true and
21  correct.

22

Executed on July 3, 2007, at Irvine, CA.

23  _____        /s/  Patti Fisher
              Patti Fisher                  _____
24        (Type or print name)                    (Signature)

25

26

27

28

-28-
ANSWER AND COUNTERCLAIM OF PACIFICORP TO RONALD A. KATZ TECHNOLOGY LICENSING,
L.P.'S COMPLAINT FOR PATENT INFRINGEMENT; Case No. C07 03004 JL

DM_US:20557064_2