# Exhibit 2

ADR

E-FILING Filed

JUN - 8 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Stephen C. Neal (State Bar No. 170085)
nealsc@cooley.com
Linda F. Callison (State Bar No. 167785)
lcallison@cooley.com
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663
*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

ORIGINAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

RONALD A. KATZ TECHNOLOGY
LICENSING, L.P.,

        Plaintiff,

    v.

BANK OF THE WEST, KAISER
FOUNDATION HEALTH PLAN, INC.,
KAISER FOUNDATION HOSPITALS,
INC., THE PERMANENTE COMPANY,
LLC, THE PERMANENTE FEDERATION,
LLC, THE PERMANENTE MEDICAL
GROUP, INC., and PACIFICORP

        Defendants.

CASE NO. C07 03004 JL

Jury Trial Demanded

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by

counsel, alleges as follows:

## THE PARTIES

1.    Plaintiff Katz Technology Licensing is a limited partnership organized under the

laws of the State of California, and having a principal place of business at 9220 Sunset Blvd.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

1.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1   #315, Los Angeles, CA 90069.

2       2.      On information and belief, Defendant Bank of the West is a California entity
3   maintaining its principal place of business at 180 Montgomery Street, San Francisco, CA 94104.
4
        3.      On information and belief, Defendant Kaiser Foundation Health Plan, Inc. is a
5
6   California entity maintaining its principal place of business at One Kaiser Plaza, Oakland, CA
7   94612.

8       4.      On information and belief, Defendant Kaiser Foundation Hospitals, Inc. is a
9   California entity maintaining its principal place of business at One Kaiser Plaza, Oakland, CA
10  94612.
11
        5.      On information and belief, Defendant The Permanente Company, LLC is a
12
13  Delaware entity maintaining its principal place of business at One Kaiser Plaza, Oakland, CA
14  94612.

15      6.      On information and belief, Defendant The Permanente Federation, LLC is a
16  Delaware entity maintaining its principal place of business at One Kaiser Plaza, Oakland, CA
17  94612.
18
        7.      On information and belief, Defendant The Permanente Medical Group, Inc. is a
19
20  California entity maintaining its principal place of business at 1950 Franklin Street, Oakland, CA
21  94612.

22      8.      On information and belief, Defendant PacifiCorp is an Oregon entity maintaining
23  its principal place of business at 825 NE Multnomah, Portland, OR 97232.

24                              **JURISDICTION AND VENUE**

25      9.      This is a civil action for patent infringement arising under the United States patent
26  statutes, 35 U.S.C. § 1 *et seq*.
27
        10.     This Court has jurisdiction over the subject matter of this action under 28 U.S.C.
28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1   §§ 1331 and 1338(a).

2       11.   Upon information and belief, Defendant Bank of the West is subject to this Court's

3   personal jurisdiction because they do and have done substantial business in this judicial district,

4   including: (i) operating retail bank branches within this State and in this District, (ii) operating

5   infringing automated telephone call processing systems, including without limitation customer

6   service systems that allow their customers, including customers within this State and in this

7   District, to perform banking, credit card, and/or obtain other services over the telephone; and/or

8   (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or

9   deriving substantial revenue from services provided to individuals in this State and in this

10  District. In addition, Bank of the West has designated an agent for service of process in the State

11  of California.

12      12.   Upon information and belief, Defendants Kaiser Foundation Health Plan, Inc.,

13

14  Kaiser Foundation Hospitals, Inc., The Permanente Company, LLC, The Permanente Federation,

15  LLC, The Permanente Medical Group, Inc. (collectively, the "Kaiser Permanente defendants")

16  are subject to this Court's personal jurisdiction because they do and have done substantial

17  business in this judicial district, including: (i) operating medical facilities and providing health

18  insurance services within this State and this District; (ii) operating infringing automated telephone

19  call processing systems, including without limitation customer service systems that allow their

20  customers, including customers within this State and in this District, to order prescriptions and/or

21  obtain other services over the telephone; and/or (iii) regularly doing or soliciting business,

22  engaging in other persistent courses of conduct, and/or deriving substantial revenue from services

23  provided to individuals in this State and in this District. In addition, Defendants Kaiser

24  Foundation Health Plan, Inc., Kaiser Foundation Hospitals, Inc., The Permanente Company, LLC,

25  The Permanente Federation, LLC, and The Permanente Medical Group, Inc. have designated an

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

3.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

agent for service of process in the State of California.

13.    Upon information and belief, Defendant PacifiCorp is subject to this Court's personal jurisdiction because it does and has done substantial business in this judicial district, including: (i) selling energy products and services within this State and this District; (ii) operating infringing automated telephone call processing systems, including without limitation customer service systems that allow their customers, including customers within this State and in this District, to perform and obtain energy and utility customer services over the telephone; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from services provided to individuals in this State and in this District. In addition, PacifiCorp has designated an agent for service of process in the State of California.

14.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) and 1400(b).

## BACKGROUND FACTS

15.    Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is a named inventor of each of the patents in suit. Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

16.    In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone. Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines. Multiple patents issued from these innovations, including

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

4.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1    patents co-invented by Mr. Katz.

2        17.    Telecredit was eventually acquired by Equifax, and has now been spun off as

3    Certegy, a public company traded on the New York Stock Exchange. Certegy continues to

4    provide services in the credit and check verification field established by Mr. Katz and Telecredit.

5

6        18.    Mr. Katz's inventions have not been limited to telephonic check verification.

7    Indeed, Mr. Katz is responsible for advancements in many fields of technology. Among his most

8    prominent and well-known innovations are those in the field of interactive call processing.

9    Mr. Katz's inventions in that field are directed to the integration of telephonic systems with

10   computer databases and live operator call centers to provide interactive call processing services.

11

12       19.    The first of Mr. Katz's interactive call processing patents issued on December 20,

13   1988. More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive

14   call processing field, including each of the patents-in-suit.

15       20.    In 1988, Mr. Katz partnered with American Express to establish FDR Interactive

16   Technologies, later renamed Call Interactive, to provide interactive call processing services based

17   on Mr. Katz's inventions. The American Express business unit involved in this joint venture later

18   became known as First Data.

19

20       21.    Early clients of Call Interactive included *The New York Times*, ABC's *Monday*

21   *Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

22       22.    Many of these clients utilized Call Interactive technology for high-profile events.

23   For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll

24   to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

25       23.    Mr. Katz sold his interest in Call Interactive to American Express in 1989 but

26   continued to provide advisory services to Call Interactive until 1992. American Express later

27   spun off the First Data business unit into a separate corporation, and with that new entity went

28

Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

24.    In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

25.    The marketplace has clearly recognized the value of Mr. Katz's inventions. Indeed, over 150 companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo, HSBC, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, and Home Shopping Network. These licenses and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

26.    Each of the defendants employs the inventions of certain of the patents-in-suit. Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants have agreed to take a license to any of the patents-in-suit.

## THE PATENTS-IN-SUIT

27.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 ("the '968 Patent"), entitled "Statistical Analysis System For Use With Public Communication Facility," to Ronald A. Katz, sole inventor. The '968 Patent expired on December 20, 2005.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

6.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

28.     On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 ("the '150 Patent"), entitled "Telephonic Interface Control System," to Ronald A. Katz, sole inventor.  The '150 Patent expired on December 20, 2005.

29.     On September 10, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,048,075 ("the '075 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor.  The '075 Patent expired on December 20, 2005.

30.     On April 28, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,109,404 ("the '404 Patent"), entitled "Telephone Call Processor with Select Call Routing," to Ronald A. Katz and Thomas D. Thompson, co-inventors.  The '404 Patent expired on December 20, 2005.

31.     On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 ("the '984 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

32.     On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 ("the '252 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

33.     On October 19, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,255,309 ("the '309 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor.  The '309 Patent expired on December 20, 2005.

34.     On November 2, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,259,023 ("the '023 Patent"), entitled "Telephonic-

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

7.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1    Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '023 Patent expired

2    on December 20, 2005.

3        35.     On September 27, 1994, the United States Patent and Trademark Office duly and

4
     legally issued United States Patent No. 5,351,285 ("the '285 Patent"), entitled "Multiple Format
5
     Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '285 Patent expired
6
7    on December 20, 2005.

8        36.     On October 1, 1996, the United States Patent and Trademark Office duly and

9    legally issued United States Patent No. 5,561,707 ("the '707 Patent"), entitled "Telephonic-

10   Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '707 Patent expired

11
     on December 20, 2005.
12

13       37.     On November 4, 1997, the United States Patent and Trademark Office duly and

14   legally issued United States Patent No. 5,684,863 ("the '863 Patent"), entitled "Telephonic-

15   Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '863 Patent expired

16   on December 20, 2005.

17       38.     On July 28, 1998, the United States Patent and Trademark Office duly and legally

18   issued United States Patent No. 5,787,156 ("the '156 Patent") entitled "Telephonic-Interface
19
     Lottery System," to Ronald A. Katz, sole inventor. The '156 Patent expired on December 20,
20
21   2005.

22       39.     On September 29, 1998, the United States Patent and Trademark Office duly and

23   legally issued United States Patent No. 5,815,551 ("the '551 Patent"), entitled "Telephonic-

24   Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '551 Patent expired

25   on December 20, 2005.

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

8.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

40.    On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 ("the '734 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

41.    On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 ("the '576 Patent"), entitled "Telephonic-Interface Lottery Device," to Ronald A. Katz, sole inventor.  The '576 Patent expired on July 10, 2005.

42.    On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 ("the '762 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor.  The '762 Patent expired on December 20, 2005.

43.    On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 ("the '893 Patent"), entitled "Multiple Format Telephonic Interface Control System," to Ronald A. Katz, sole inventor.  The '893 Patent expired on December 20, 2005.

44.    On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 ("the '120 Patent"), entitled "Telephone Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor.

45.    On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 ("the '021 Patent"), entitled "Telephonic-Interface Statistical Analysis System," to Ronald A. Katz, sole inventor.  The '021 Patent expired on December 20, 2005.

46.    On March 28, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,044,135 ("the '135 Patent"), entitled "Telephone-

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

9.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1    Interface Lottery System," to Ronald A. Katz, sole inventor. The '135 Patent expired on July 10,

2    2005.

3          47.    On November 14, 2000, the United States Patent and Trademark Office duly and

4    legally issued United States Patent No. 6,148,065 ("the '065 Patent"), entitled "Telephonic-

5    Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '065 Patent expired

6    on July 10, 2005.

7

8          48.    On January 1, 2002, the United States Patent and Trademark Office duly and

9    legally issued United States Patent No. 6,335,965 ("the '965 Patent"), entitled "Voice-Data

10   Telephonic Interface Control System," to Ronald A. Katz, sole inventor. The '965 Patent expired

11   on December 20, 2005.

12

13         49.    On February 19, 2002, the United States Patent and Trademark Office duly and

14   legally issued United States Patent No. 6,349,134 ("the '134 Patent"), entitled "Telephonic-

15   Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '134 Patent expired

16   on December 20, 2005.

17         50.    On August 13, 2002, the United States Patent and Trademark Office duly and

18   legally issued United States Patent No. 6,434,223 ("the '223 Patent"), entitled "Telephone

19   Interface Call Processing System With Call Selectivity," to Ronald A. Katz, sole inventor. The

20   '223 Patent expired on July 10, 2005.

21

22         51.    On January 28, 2003, the United States Patent and Trademark Office duly and

23   legally issued United States Patent No. 6,512,415 ("the '415 Patent"), entitled "Telephonic-

24   Interface Game Control System," to Ronald A. Katz, sole inventor. The '415 Patent expired on

25   July 10, 2005.

26         52.    On May 27, 2003, the United States Patent and Trademark Office duly and legally

27   issued United States Patent No. 6,570,967 ("the '967 Patent"), entitled "Voice-Data Telephonic

28

1    Interface Control System," to Ronald A. Katz, sole inventor. The '967 Patent expired on July 10,

2    2005.

3        53.    On January 13, 2004, the United States Patent and Trademark Office duly and

4    legally issued United States Patent No. 6,678,360 ("the '360 Patent"), entitled "Telephonic-

5    Interface Statistical Analysis System," to Ronald A. Katz, sole inventor. The '360 Patent expired

6    on July 10, 2005.

7

8                                    **COUNT I**

9                   **(PATENT INFRINGEMENT BY BANK OF THE WEST)**

10

11       54.    Katz Technology Licensing realleges and incorporates by reference paragraphs 1-

12    53 of this Complaint as if fully set forth herein.

13       55.    Katz Technology Licensing is the sole holder of the entire right, title, and interest

14    in the '150, '075, '404, '984, '252, '309, '023, '285, '707, '863, '156, '551, '734, '576, '762,

15    '893, '120, '021, '135, '065, '965, '134, '223, '967, and '360 Patents.

16

17       56.    Upon information and belief, Bank of the West operates automated telephone

18    systems, including without limitation customer service systems to perform banking, credit card,

19    and/or obtain other services over the telephone.

20       57.    Bank of the West has directly and contributorily infringed, and induced others to

21    infringe, one or more claims of each of the patents identified in paragraph 55 of this Complaint by

22    making, using, offering to sell, and/or selling within the United States automated telephone

23    systems, including without limitation customer service systems to perform banking, credit card,

24    and/or obtain other services over the telephone.

25

26

27

28

58.    Bank of the West continues to infringe, contributorily infringe, and induce others to infringe the '984, '252, '734 and '120 Patents.

59.    Bank of the West's infringement of the patents identified in paragraph 55 of this Complaint has been willful.

60.    Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by Bank of the West's infringement, which will continue unless Bank of the West is enjoined by this Court.

## COUNT II

### (PATENT INFRINGEMENT BY THE KAISER PERMANENTE DEFENDANTS)

61.    Katz Technology Licensing realleges and incorporates by reference paragraphs 1-53 as if fully set forth herein.

62.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '968, '252, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '135, '065, '965, '134, '223, and '360 Patents.

63.    Upon information and belief, the Kaiser Permanente defendants operate automated telephone systems, including without limitation customer service systems that allow their customers to order prescriptions and/or obtain other services over the telephone.

64.    The Kaiser Permanente defendants have directly and contributorily infringed, and induced others to infringe, one or more claims of each of the patents identified in paragraph 62 of this Complaint by making, using, offering to sell, and/or selling within the United States automated telephone systems, including without limitation customer service systems to order prescriptions and/or obtain other services over the telephone.

65.    The Kaiser Permanente Defendants continue to infringe, contributorily infringe,

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

12.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1  and induce others to infringe the '252, '734 and '120 Patents.

2  66.    The Kaiser Permanente defendants' infringement of the patents identified in
3  paragraph 62 of this Complaint has been willful.

4  67.    Katz Technology Licensing has been, and continues to be, damaged and
5  irreparably harmed by the Kaiser Permanente defendants' infringement, which will continue
6
7  unless the Kaiser Permanente defendants are enjoined by this Court.

8  **COUNT III**
9  **(PATENT INFRINGEMENT BY PACIFICORP**
10

11  68.    Katz Technology Licensing realleges and incorporates by reference paragraphs 1-
12  53 as if fully set forth herein.

13  69.    Katz Technology Licensing is the sole holder of the entire right, title, and interest
14  in the '150, '984, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '065, '965,
15
16  '223, '415, and '360 Patents.

17  70.    Upon information and belief, PacifiCorp operates automated telephone systems,
18  including without limitation customer service systems that allow their customers to perform and
19  obtain energy and utility customer services over the telephone.

20  71.    PacifiCorp has directly and contributorily infringed, and induced others to
21  infringe, one or more claims of each of the patents identified in paragraph 69 of this Complaint by
22  making, using, offering to sell, and/or selling within the United States automated telephone
23
24  systems, including without limitation customer service systems to perform and obtain energy and
25  utility customer services over the telephone.

26  72.    PacifiCorp continues to infringe, contributorily infringe, and induce others to
27  infringe the '984, '734 and '120 Patents.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

13.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

73.    PacifiCorp's infringement of the patents identified in paragraph 69 of this Complaint has been willful.

74.    Katz Technology Licensing has been, and continues to be, damaged and irreparably harmed by PacifiCorp's infringement, which will continue unless PacifiCorp is enjoined by this Court.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Katz Technology Licensing respectfully requests the following relief:

A.    A judgment holding Bank of the West liable for infringement of the patents identified in paragraph 55 of this Complaint;

B.    A permanent injunction against Bank of the West, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '252, '734 and '120 Patents;

C.    An accounting for damages resulting from Bank of the West's infringement of the patents identified in paragraph 55 of this Complaint, together with pre-judgment and post-judgment interest;

D.    A judgment holding that Bank of the West's infringement of the patents identified in paragraph 55 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E.    A judgment holding the Kaiser Permanente defendants liable for infringement of the patents identified in paragraph 62 of this Complaint;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

14.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1

2

3

4

5

F.    A permanent injunction against the Kaiser Permanente defendants, their officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '252, '734 and '120 Patents;

6

7

8

9

G.    An accounting for damages resulting from the Kaiser Permanente defendants' infringement of the patents identified in paragraph 62 of this Complaint, together with pre-judgment and post-judgment interest;

10

11

12

13

H.    A judgment holding that the Kaiser Permanente defendants' infringement of the patents identified in paragraph 62 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

14

15

16

I.    A judgment holding PacifiCorp liable for infringement of the patents identified in paragraph 69 of this Complaint;

17

18

19

20

21

J.    A permanent injunction against PacifiCorp, its officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '984, '734 and '120 Patents;

22

23

24

25

K.    An accounting for damages resulting from PacifiCorp's infringement of the patents identified in paragraph 69 of this Complaint, together with pre-judgment and post-judgment interest;

26

27

28

L.    A judgment holding that PacifiCorp's infringement of the patents identified in paragraph 69 of this Complaint is willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

15.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

1    M.    A judgment holding this Action an exceptional case, and an award to Plaintiff Katz

2 Technology Licensing for its attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

3

4    N.    Such other relief as the Court deems just and equitable.

5

Dated: June 8, 2007                                Respectfully submitted,

6

7                                                  By: _____
                                                       Stephen C. Neal (State Bar No. 170085)
8                                                      nealsc@cooley.com
                                                       Linda F. Callison (State Bar No. 167785)
9                                                      lcallison@cooley.com
                                                       COOLEY GODWARD KRONISH LLP
10                                                     Five Palo Alto Square
                                                       3000 El Camino Real
11                                                     Palo Alto, CA  94306-2155
                                                       Telephone:   (650) 843-5000
12                                                     Facsimile:   (650) 857-0663

13                                                 Of Counsel:

14                                                     Frank V. Pietrantonio
                                                       fpietrantonio@cooley.com
15                                                     Jonathan G. Graves
                                                       jgraves@cooley.com
16                                                     COOLEY GODWARD KRONISH LLP
                                                       One Freedom Square
17                                                     11951 Freedom Drive
                                                       Reston, VA  20190-5656
18                                                     Telephone:   (703) 456-8000
                                                       Facsimile:   (703) 456-8100
19
                                                   *Attorneys for Plaintiff*
20                                                 *Ronald A. Katz Technology Licensing, L.P.*

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

16.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Ronald A. Katz Technology

Licensing, L.P. hereby demands trial by jury.

Dated: June 8, 2007

Respectfully submitted,

By: _____

Stephen C. Neal (State Bar No. 170085)
*nealsc@cooley.com*
Linda F. Callison (State Bar No. 167785)
*lcallison@cooley.com*
COOLEY GODWARD KRONISH LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Of Counsel:

Frank V. Pietrantonio
*fpietrantonio@cooley.com*
Jonathan G. Graves
*jgraves@cooley.com*
COOLEY GODWARD KRONISH LLP
One Freedom Square
11951 Freedom Drive
Reston, VA 20190-5656
Telephone:    (703) 456-8000
Facsimile:    (703) 456-8100

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

17.

PLAINTIFF'S COMPLAINT AND
DEMAND FOR JURY TRIAL