COOLEY GODWARD KRONISH LLP
Stephen C. Neal (State Bar No. 170085)
*nealsc@cooley.com*
Linda F. Callison (State Bar No. 167785)
*lcallison@cooley.com*
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF THE WEST, KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, INC., THE PERMANENTE COMPANY, LLC, THE PERMANENTE FEDERATION, LLC, THE PERMANENTE MEDICAL GROUP, INC., and PACIFICORP<br><br>Defendants. | CASE NO. CV 07-03004 MJJ<br><br>Jury Trial Demanded |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
REPLY TO COUNTERCLAIM OF DEFENDANT PACIFICORP**

Plaintiff, Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), by counsel, hereby replies to the Counterclaim of Defendant PacifiCorp to Plaintiff's Complaint, dated July 3, 2007:

## COUNTERCLAIM

### (Declaratory Judgment Regarding Unenforceability)

86.     Answering paragraph 86 of the PacifiCorp Counterclaim in which PacifiCorp purports to repeat and re-allege the allegations contained in part of its Answer, Katz Technology Licensing responds that no response is required to paragraphs 1-69.

87.     Katz Technology Licensing admits that PacifiCorp pled in paragraph 87 of the PacifiCorp Counterclaim that PacifiCorp is an Oregon entity maintaining its place of business at 825 NE Multnomah, Portland, OR 97232.

88.     Katz Technology Licensing admits that Katz Technology Licensing is a limited partnership organized under the laws of the State of California with its principal place of business located at 9220 Sunset Blvd. #315, Los Angeles, CA 90069.

89.     Katz Technology Licensing admits that this Court has subject matter jurisdiction over PacifiCorp's claims for declaratory relief under the patent laws of the United States and 35 U.S.C. § 1 et seq., pursuant to 28 U.S.C. §§ 1331, 1338, 1367(a), 2201, and 2202 but denies the viability of PacifiCorp's claims.

90.     Katz Technology Licensing admits that this Court has personal jurisdiction over Katz Technology Licensing for the purposes of the above-captioned action.

91.     Katz Technology Licensing admits that venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 and 1400.

92.     Katz Technology Licensing admits that it is the sole holder of the entire right, title and interest in, among others, U.S. Patent Nos. 4,930,150 ("the '150 patent"), 5,128,984 ("the '984 patent"), 5,255,309 ("the '309 patent"), 5,351,285 ("the '285 patent"), 5,561,707 ("the '707 patent"), 5,684,863 ("the '863 patent"), 5,787,156 ("the '156 patent"), 5,815,551 ("the '551 patent"), 5,828,734 ("the '734 patent"), 5,898,762 ("the '762 patent"), 5,917,893 ("the '893 patent"), 5,974,120 ("the '120 patent"), 6,035,021 ("the '021 patent"), 6,148,065 ("the '065 patent"), 6,335,965, ("the '965 patent"), 6,434,223 patent ("the '223 patent"), 6,512,415 ("the '415 patent"), and 6,678,360 ("the '360 patent").

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

2.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

93.     Katz Technology Licensing admits that it has asserted that PacifiCorp infringes the patents listed in paragraph 92 of this Reply and that there is a justiciable controversy between Katz Technology Licensing and PacifiCorp concerning the enforceability of these patents.

94.     Katz Technology Licensing admits that PacifiCorp requests a declaratory judgment in paragraph 94 of the PacifiCorp Counterclaim but denies the viability of that request.

95.     Katz Technology Licensing denies all allegations set forth in paragraph 95 of the PacifiCorp Counterclaim.

96.     Katz Technology Licensing denies all allegations set forth in paragraph 96 of the PacifiCorp Counterclaim

97.     Katz Technology Licensing denies all allegations set forth in paragraph 97 of the PacifiCorp Counterclaim.

## I.     Withholding Material Prior Art

### A.     Barger

98.     Katz Technology Licensing admits that, on its face, U.S. Patent No. 4,071,698 ("the Barger patent") indicates that it was issued by the United States Patent and Trademark Office ("USPTO") in January 1978.  Katz Technology Licensing denies that it committed any acts, omissions, pattern or practice of misconduct.  Katz Technology Licensing is unable to answer the remaining allegations set forth in paragraph 98 of the PacifiCorp Counterclaim because it is unable to determine what "many of Katz's patents" refers to and therefore denies them on that basis.

99.     Katz Technology Licensing denies all allegations set forth in paragraph 99 of the PacifiCorp Counterclaim.

#### i.     Materiality

100.     No response to the allegations set forth in paragraph 100 of the PacifiCorp Counterclaim is required as the Barger patent speaks for itself.

101.     No response to the allegations set forth in paragraph 101 of the PacifiCorp Counterclaim is required as the Barger patent speaks for itself.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

102.    The phrase "relevant to claims prosecuted by Katz" as used in paragraph 102 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in paragraph 102 of the PacifiCorp Counterclaim and therefore denies them.  In any event, the allegations set forth in the first sentence of paragraph 102 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.  No further response to the remaining allegations set forth in paragraph 102 of the PacifiCorp Counterclaim is required as the Barger patent speaks for itself.

103.    The phrase "central features" is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in paragraph 103 of the PacifiCorp Counterclaim and therefore denies them.  No further response to the allegations set forth in paragraph 103 of the PacifiCorp Counterclaim is required as the Barger patent speaks for itself.

104.    The phrases "would have been material or relevant" and "Katz's various patent applications" as used in paragraph 104 of the PacifiCorp Counterclaim are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in paragraph 104 of the PacifiCorp Counterclaim and therefore denies them.  Further, the allegations set forth in paragraph 104 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.

105.    Katz Technology Licensing admits that the Barger patent was relied upon in certain requests for reexamination of U.S. Patent Nos. 5,561,707 ("the '707 patent") and 6,292,547 ("the '547 patent").  The phrase "certain of Katz's pending claims in the '707 or '547 patent applications" is so vague and uncertain that Katz Technology Licensing lack sufficient information and knowledge that would allow it to answer the allegations set forth in the second sentence of paragraph 105 of the PacifiCorp Counterclaim and therefore denies them.  No response to the allegations set forth in second sentence of paragraph 105 of the PacifiCorp Counterclaim is required, as the Appeal No. 94-0834, Application Serial No. 07/640,337 (Feb. 17, 1998) speaks for itself.  Katz Technology Licensing is unable to answer the allegations set

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

4.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

forth in the last sentence of paragraph 105 of the PacifiCorp Counterclaim because it is unable to determine what "substantially identical" refers to and therefore denies them on that basis. Katz Technology Licensing denies all remaining allegations set forth in paragraph 105 of the PacifiCorp Counterclaim.

### ii.    Intent

106.    Katz Technology Licensing denies that the Barger patent was filed in the USPTO in or about January 1978. Katz Technology Licensing is unable to answer the remaining allegations set forth in the first sentence of paragraph 106 of the PacifiCorp Counterclaim because it is unable to determine what "Katz's first relevant application" refers to and therefore denies them on that basis. Katz Technology Licensing denies all remaining allegations set forth in paragraph 106 of the PacifiCorp Counterclaim.

107.    Katz Technology Licensing admits that the Barger patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing further admits that Mr. Coles sent a copy of the search report to Byard Nilsson in January 1989. Katz Technology Licensing denies all remaining allegations set forth in paragraph 107 of the PacifiCorp Counterclaim.

108.    Katz Technology Licensing admits that the Supplementary European Search Report identified the Barger patent as a "category x" document. Katz Technology Licensing denies all remaining allegations set forth in paragraph 108 of the PacifiCorp Counterclaim.

109.    The allegations set forth in the first sentence of paragraph 109 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required. Katz Technology Licensing admits that it did not disclose the Barger patent to the USPTO during the prosecution of U.S. Patent Nos. 4,845,739 ("the '739 patent") and 5,073,929 ("the '929 patent") and the '984, '150, '285, and '965 patents. Katz Technology Licensing denies all remaining allegations set forth in paragraph 109 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

5.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

1    110.    Katz Technology Licensing denies all allegations set forth in paragraph 110 of the

2    PacifiCorp Counterclaim.

3    111.    Katz Technology Licensing denies all allegations set forth in paragraph 111 of the

4    PacifiCorp Counterclaim.

5    **iii.    Unenforceability**

6    112.    Katz Technology Licensing denies all allegations set forth in paragraph 112 of the

7    PacifiCorp Counterclaim.

8    113.    Katz Technology Licensing denies all allegations set forth in paragraph 113 of the

9    PacifiCorp Counterclaim.

10    114.    Katz Technology Licensing admits that the '984, '285, '863, '551, '734, '893,

11    '120, '065, '965, '223, '309, '707, and '360 patents claim priority from, among others, the '739

12    patent.    The phrase "Barger-related subject matter" is so vague and uncertain that Katz

13    Technology Licensing lacks sufficient information and knowledge to allow it answer the

14    allegations set forth in the last sentence of paragraph 114 of the PacifiCorp Counterclaim and

15    therefore denies them.    Further, no response is required to the allegations set forth in last sentence

16    in paragraph 114 of the PacifiCorp Counterclaim as the '984, '285, '863, '551, '734, '893, '120,

17    '065, '965, '223, '309, '707, and '360 patents speak for themselves.    Katz Technology Licensing

18    denies all remaining allegations set forth in paragraph 114 of the PacifiCorp Counterclaim.

19    115.    Katz Technology Licensing admits that the '893, '863, '551, '065, '360, '309, and

20    '707 claim priority from, among other patents and applications, the '739 patent.    Katz Technology

21    Licensing further admits that any patent term subsequent to the term of the '739 patent has been

22    disclaimed with respect to the '893, '863, '551, '065, '360, '309, and '707 patents, but that

23    pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set

24    to expire prior to the term of the '739 patent.    Otherwise, Katz Technology Licensing denies the

25    allegations set forth in the second sentence of paragraph 115 of the PacifiCorp Counterclaim.

26    Katz Technology Licensing denies all remaining allegations set forth in paragraph 115 of the

27    PacifiCorp Counterclaim.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

6.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

116.    Katz Technology Licensing denies all allegations set forth in paragraph 116 of the PacifiCorp Counterclaim.

117.    Katz Technology Licensing admits that the '965, '984, '734, '120, and '223 patents claim priority from the '929 and '739 patents.  Katz Technology Licensing further admits that the '734, '120, and '223 patents claim priority from the '984 patent.  Katz Technology Licensing denies that the '965 patent claims priority from the '984 patent.  Katz Technology Licensing is unable to ascertain the meaning of the allegation set forth in the first sentence of paragraph 117 of the PacifiCorp Counterclaim that the '984 patent claims priority from the '984 patent and therefore denies it.  The phrase "Barger-related subject matter" is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in the last sentence of paragraph 117 of the PacifiCorp Counterclaim and therefore denies them.  No response to the allegations set forth in the last sentence in paragraph 117 is required as the '965, '984, '734, '120, '223, '929, and '739 patents speak for themselves.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 117 of the PacifiCorp Counterclaim.

118.    Katz Technology Licensing denies all allegations set forth in paragraph 118 of the PacifiCorp Counterclaim.

119.    Katz Technology Licensing admits that the '893 patent claims priority from the '150, '285, and '739 patents.  The phrase "Barger-related subject matter" is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in the last sentence of paragraph 119 of the PacifiCorp Counterclaim and therefore denies them.  Further, no response to the allegations set forth in the last sentence in paragraph 119 is required as the '893, '150, '285, and '739 patents speak for themselves.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 119 of the PacifiCorp Counterclaim.

120.    Katz Technology Licensing denies all allegations set forth in paragraph 120 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

7.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

121.    Katz Technology Licensing denies all allegations set forth in paragraph 121 of the PacifiCorp Counterclaim.

### B.    DeBruyn

122.    Katz Technology Licensing admits that the European Patent Office published European Patent Specification No. 32,410 ("the DeBruyn patent") on July 22, 1981.  Katz Technology Licensing denies that it committed any acts, omissions, pattern or practice of misconduct.  Katz Technology Licensing lacks sufficient information and knowledge that would allow it to answer the remaining allegations set forth in paragraph 122 of the PacifiCorp Counterclaim as Katz Technology Licensing does not know what "during the prosecution of many of Katz's early patents" means and therefore denies them on that basis.

123.    Katz Technology Licensing denies all allegations set forth in paragraph 123 of the PacifiCorp Counterclaim.

### i.    Materiality

124.    No response to the allegations set forth in the first sentence of paragraph 124 of the PacifiCorp Counterclaim is required as the DeBruyn patent speaks for itself.  The allegations set forth in the second sentence of paragraph 124 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.  Further, the phrase "relevant to the Katz claims in many respects" as used in the second sentence of paragraph 124 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in this sentence and therefore denies them.

125.    Katz Technology Licensing admits that the Supplementary European Search Report referred to in paragraph 107 of the PacifiCorp Counterclaim identified both the Barger and the DeBruyn patents.  Katz Technology Licensing admits that the Supplementary European Search Report identified the DeBruyn patent as a "category x" document.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 125 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

8.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

126.    The phrases "substantively identical" and "many features relevant to Katz's claims" as used in paragraph 126 of the PacifiCorp Counterclaim are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in the first and second sentences of paragraph 126 of the PacifiCorp Counterclaim and therefore denies them.  The allegations set forth in the second sentence of paragraph 126 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.  No response to the remaining allegations set forth in paragraph 126 of the PacifiCorp Counterclaim is required as the DeBruyn patent and Canadian Patent No. 1,162,336 ("the DeBruyn Canadian patent") speak for themselves.

127.    Katz Technology Licensing admits that the DeBruyn Canadian patent was cited by the USPTO during reexamination proceedings with respect to the '707 and '309 patents and U.S. Pat. No. 5,259,023 ("the '023 patent").  Katz Technology Licensing denies all remaining allegations set forth in paragraph 127 of the PacifiCorp Counterclaim.

128.    Katz Technology Licensing admits that the Director Initiated Order for Reexamination with respect to the '309 patent states:  "In view of the teachings of Canadian Patent 1,162,336 to DeBruyn, a substantial new question of patentability is raised as to claim 23 of U.S. Patent No. 5,255,309, and a reexamination of all the patent claims as to the substantial new question of patentability is appropriate."  Katz Technology Licensing denies all remaining allegations set forth in paragraph 128 of the PacifiCorp Counterclaim.

129.    Katz Technology Licensing denies all allegations set forth in paragraph 129 of the PacifiCorp Counterclaim.

130.    Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,058 & 90/006,977) dated September 1, 2005 stated that "Claims 1, 2, 7, 8, 10, 21, 22-25, 26, and 27 are rejected 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336 . . . ."  Katz Technology Licensing further admits that a non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,058 & 90/006,977) dated September 1, 2005 rejected claims 5, 6, 20, 22, and 23 pursuant to 35 U.S.C.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

9.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

§ 103(a) based at least in part on Canadian Patent No. 1,162,336. Katz Technology Licensing denies all remaining allegations set forth in paragraph 130 of the PacifiCorp Counterclaim.

131.    Katz Technology Licensing admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976) dated September 9, 2005 states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, De Bruyn . . . ." Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976) dated September 9, 2005 rejected claims 1, 7-12, 14, 20, 24, 32, 38-42, 52-58 pursuant to 35 U.S.C. § 103(a) based in part or in whole on Canadian Patent No. 1,162,336. Katz Technology Licensing denies all remaining allegations set forth in paragraph 131 of the PacifiCorp Counterclaim.

132.    Katz Technology Licensing admits the allegations set forth in paragraph 132 of the PacifiCorp Counterclaim.

ii.    **Intent**

133.    Katz Technology Licensing admits that the European Patent Office published European Patent Specification No. 32,410 ("the DeBruyn patent") on July 22, 1981. Katz Technology Licensing admits that the DeBruyn patent was cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No WO 87/00375. Katz Technology Licensing is unable to answer the remaining allegations set forth in the first sentence of paragraph 133 of the PacifiCorp Counterclaim because it is unable to determine what "Katz's first relevant application" refers to and therefore denies them on that basis. Katz Technology Licensing denies all remaining allegations set forth in paragraph 133 of the PacifiCorp Counterclaim.

134.    Katz Technology Licensing admits that it did not disclose the DeBruyn patent to the USPTO during the prosecution the '739, '150, '929, '984, and '252 patents and U.S. Patent No. 5,048,075 ("the '075 patent"). Katz Technology Licensing denies all remaining allegations set forth in paragraph 134 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

10.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

135.    Katz Technology Licensing denies all allegations set forth in paragraph 135 of the PacifiCorp Counterclaim.

136.    Katz Technology Licensing denies all allegations set forth in paragraph 136 of the PacifiCorp Counterclaim.

### iii.    Unenforceability

137.    Katz Technology Licensing denies all allegations set forth in paragraph 137 of the PacifiCorp Counterclaim.

138.    Katz Technology Licensing admits that the '984, '309, '285, '707, '863, '156, '551, '734, '762, '893, '120, '021, '065, '965, '223, '415, and '360 patents claim priority from, among other patents and applications, the '739 patent.  The phrase "DeBruyn-relevant subject matter" is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in the last sentence of paragraph 138 of the PacifiCorp Counterclaim and therefore denies them.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 138 of the PacifiCorp Counterclaim.

139.    Katz Technology Licensing admits that the '893, '863, '551, '065, '360, '309, and '707 patents claim priority from, among other patents and applications, the '739 patent.  Katz Technology Licensing further admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '863, '551, '065, '360, '309, and '707 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 139 of the PacifiCorp Counterclaim.

140.    Katz Technology Licensing denies all allegations set forth in paragraph 140 of the PacifiCorp Counterclaim.

141.    Katz Technology Licensing denies all allegations set forth in paragraph 141 of the PacifiCorp Counterclaim.

142.    The phrases "subject matter that was at issue" and "relevant" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in paragraph 142 of the PacifiCorp Counterclaim and therefore

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

11.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

1   denies them.  Further, no response to the allegations set forth in paragraph 142 of the PacifiCorp

2   Counterclaim is required as the allegations constitute legal conclusions and the '965, '984, '734,

3   '120, '223, '252, '929, and '739 patents speak for themselves.

4         143.    Katz Technology Licensing denies all allegations set forth in paragraph 143 of the

5   PacifiCorp Counterclaim.

6         144.    Katz Technology Licensing admits that the '893 and '285 patents claim priority

7   from, among other patents, the '150 and '739 patents.  The phrases "subject matter that was at

8   issue" and "relevant" are so vague and uncertain that Katz Technology Licensing lacks sufficient

9   information and knowledge to allow it answer the allegations set forth in the second sentence of

10  paragraph 144 of the PacifiCorp Counterclaim and therefore denies them.  No response to the first

11  clause of the second sentence of paragraph 144 of the PacifiCorp Counterclaim is required as the

12  '893, '285, '150 and '739 patents speak for themselves.  The allegations in the second clause of

13  the second sentence of paragraph 144 of the PacifiCorp Counterclaim constitute legal conclusions

14  to which no response is required.  Katz Technology Licensing denies all remaining allegations set

15  forth in paragraph 144 of the PacifiCorp Counterclaim.

16        145.    Katz Technology Licensing denies all allegations set forth in paragraph 145 of the

17  PacifiCorp Counterclaim.

18        146.    Katz Technology Licensing denies all allegations set forth in paragraph 146 of the

19  PacifiCorp Counterclaim.

20              **C.    Katz PCT**

21        147.    Katz Technology Licensing admits that PCT Application No. WO 87/00375 ("the

22  '375 application") was not disclosed to the USPTO as part of the prosecution of the '739 patent.

23  Katz Technology Licensing admits that the '375 application was published on January 15, 1987.

24  Katz Technology Licensing denies all remaining allegations as set forth in paragraph 147 of the

25  PacifiCorp Counterclaim.

26              **i.    Materiality**

27        148.    The allegations set forth in the first sentence of paragraph 148 of the PacifiCorp

28  Counterclaim constitute legal conclusions to which no response is required.  Katz Technology

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

12.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

Licensing admits that the '739 patent has an actual filing date of May 16, 1988.  Katz Technology Licensing further admits that the '375 application was published on January 15, 1987.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 148 of the PacifiCorp Counterclaim.

149.    Katz Technology Licensing admits that the '739 patent has a filing date of May 16, 1988.  The phrase "relevant to many of the basic elements under consideration" as used in paragraph 149 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer all remaining allegations set forth in paragraph 149 of the PacifiCorp Counterclaim and therefore denies them.  In any event, the remaining allegations set forth in paragraph 149 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.

150.    Katz Technology Licensing is unable to ascertain or comprehend the meaning of the allegations set forth in paragraph 150 of the PacifiCorp Counterclaim and therefore denies them.

### ii.    Intent

151.    Katz Technology Licensing admits that the '375 application was not disclosed to the USPTO as part of the prosecution of the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 151 of the PacifiCorp Counterclaim.

152.    Katz Technology Licensing denies all allegations set forth in paragraph 152 of the PacifiCorp Counterclaim.

### iii.    Unenforceability

153.    Katz Technology Licensing admits that the '984, '285, '863, '551, '734, '893, '120, '065, '965, '223, '707, and '360 patents claim priority from, among other patents and applications, the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 153 of the PacifiCorp Counterclaim.

154.    The phrases "subject matter that was at issue" and "relevant" are so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it answer the allegations set forth in the first sentence of paragraph 154 of the PacifiCorp

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

13.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

Counterclaim and therefore denies them. The allegations set forth in the first sentence of paragraph 154 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in paragraph 154 of the PacifiCorp Counterclaim.

155.    Katz Technology Licensing admits that any patent term subsequent to the term of the '739 patent has been disclaimed with respect to the '893, '863, '551, '065, '360, '309, and '707 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in paragraph 155 of the PacifiCorp Counterclaim.

156.    Katz Technology Licensing denies all allegations set forth in paragraph 156 of the PacifiCorp Counterclaim.

157.    Katz Technology Licensing denies all allegations set forth in paragraph 157 of the PacifiCorp Counterclaim.

**D.    Periphonics**

158.    Katz Technology Licensing denies all allegations set forth in paragraph 158 of the PacifiCorp Counterclaim.

**i.    Materiality**

159.    Katz Technology Licensing lacks sufficient information and knowledge that would allow it to respond to the allegation set forth in paragraph 159 of the PacifiCorp Counterclaim that material bearing Bates numbers W72807-W73756 ("the "West materials") were provided to Harold Wurst, Esq. of Nilsson, Wurst & Green in connection with the First *Data Resources Inc. v. West Interactive Corp.*, Civil Action No. 91-4471-TJH (C.D. Cal.) case ("the West Case") and therefore denies it. Katz Technology Licensing admits that Byard Nilsson and Reena Kuyper were involved in prosecuting Ronald Katz's patent applications that ultimately issued as certain of the patents-in-suit and that Mr. Nilsson and Ms. Kuyper were at one time affiliated with the Nilsson, Wurst & Green law firm. Katz Technology Licensing denies all remaining allegations set forth in paragraph 159 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

14.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

160.    Katz Technology Licensing denies all allegations set forth in paragraph 160 of the PacifiCorp Counterclaim.

161.    Katz Technology Licensing lacks sufficient information and knowledge that would allow it to respond the allegations set forth in paragraph 161 of the PacifiCorp Counterclaim and therefore denies them.

162.    Katz Technology Licensing denies all allegations set forth in paragraph 162 of the PacifiCorp Counterclaim.

163.    The phrase "highly relevant to many claims" as used in paragraph 163 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in paragraph 163 of the PacifiCorp Counterclaim and therefore denies them.  In any event, the allegations set forth in the first sentence of paragraph 163 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.  No further response to the allegations set forth in the second sentence of paragraph 163 of the PacifiCorp Counterclaim is required as the Bank-From-Home reference speaks for itself.

164.    Katz Technology Licensing denies all allegations set forth in paragraph 164 of the PacifiCorp Counterclaim.

165.    The phrase "highly relevant to many claims" as used in paragraph 165 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing lacks sufficient information and knowledge to allow it to answer the allegations set forth in paragraph 165 of the PacifiCorp Counterclaim and therefore denies them.  In any event, the allegations set forth in the first sentence of paragraph 165 of the PacifiCorp Counterclaim constitute legal conclusions to which no response is required.  No further response to the allegations set forth in the second sentence of paragraph 165 of the PacifiCorp Counterclaim is required as the VoicePac reference speaks for itself.

ii.    **Intent**

166.    The phrase "and other relevant and material West materials" as used in paragraph 166 of the PacifiCorp Counterclaim is so vague and uncertain that Katz Technology Licensing

Cooley Godward
Kronish LLP
Attorneys At Law
Palo Alto

15.

Plf's Reply to Counterclaim of Def. PacifiCorp
CV 07-03004 MJJ

1  lacks sufficient information and knowledge that would allow it to answer the allegations set forth

2  in the first sentence of paragraph 166 of the PacifiCorp Counterclaim and therefore denies them.

3  Katz Technology Licensing denies all remaining allegations set forth in paragraph 166 of the

4  PacifiCorp Counterclaim.

5          167.    Katz Technology Licensing admits that in its application for the '965 patent, it

6  stated: "During the litigation of [the West Case], a voluminous quantity of prior art, that is, some

7  500 items (including single or plural related documents grouped together), were identified by the

8  defendant.  However, during pretrial procedures, the defendant distilled the applied art to 59

9  separate items (including single or plural related documents)."  U.S. Patent Application

10  No. 08/306,456, Paper no. 3, filed November 4, 1994.  Katz Technology Licensing further admits

11  that the application also stated: "The voluminous quantity of art identified during litigation,

12  excluding the 59 items (Set I), is listed on the second set of forms PTO-1449 (Supplemental I)."

13  Paper no. 3, filed November 4, 1994.  Katz Technology Licensing denies all remaining

14  allegations set forth in paragraph 167 of the PacifiCorp Counterclaim.

15          168.    Katz Technology Licensing admits the allegations set forth in paragraph 168 of the

16  PacifiCorp Counterclaim to the extent that they refer to the quoted statements in paragraph 167 of

17  the PacifiCorp Counterclaim.  Otherwise, Katz Technology Licensing denies all allegations set

18  forth in paragraph 168 of the PacifiCorp Counterclaim.

19          169.    Katz Technology Licensing is unable to answer the allegations set forth in the first

20  sentence of paragraph 169 of the PacifiCorp Counterclaim because it is unable to determine what

21  "the prosecution of still other applications" refers to and therefore denies them.  Katz Technology

22  Licensing admits that it referred to the '707 patent during the prosecution of the '863, '762, and

23  '551 patents.  Katz Technology Licensing denies all remaining allegations set forth in paragraph

24  169 of the PacifiCorp Counterclaim.

25          170.    The allegations set forth in paragraph 170 of the PacifiCorp Counterclaim

26  constitute legal conclusions to which no response is required.

27          171.    Katz Technology Licensing denies all allegations set forth in paragraph 171 of the

28  PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

16.     PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

1    172.    Katz Technology Licensing denies all allegations set forth in paragraph 172 of the

2    PacifiCorp Counterclaim.

3    **iii.    Unenforceability**

4    173.    Katz Technology Licensing denies all allegations set forth in paragraph 173 of the

5    PacifiCorp Counterclaim.

6    174.    Katz Technology Licensing is unable to answer the allegations set forth in

7    paragraph 174 of the PacifiCorp Counterclaim because it is unable to determine what

8    "substantially identical" refers to and therefore denies them on that basis.

9    175.    Katz Technology Licensing is unable to answer the allegations set forth in

10    paragraph 175 of the PacifiCorp Counterclaim because it is unable to determine what "they" or

11    "substantially identical" refers to and therefore denies them on that basis.

12    176.    No response is required to the allegations set forth in paragraph 176 of the

13    PacifiCorp Counterclaim as the '065, '360, '707, '863, '762, '551, and '739 patents speak for

14    themselves.

15    177.    Katz Technology Licensing admits that the '893, '065, and '360 patents claim

16    priority from, among other patents and applications, the '739 patent. Katz Technology Licensing

17    further admits that any patent term subsequent to the term of the '739 patent has been disclaimed

18    with respect to the '893, '065, and '360 patents, but that pursuant to 35 U.S.C. § 154(a)(2), the

19    patent terms of the '065 and '360 patents were already set to expire prior to the term of the '739

20    patent. Katz Technology Licensing denies all remaining allegations set forth in paragraph 177 of

21    the PacifiCorp Counterclaim.

22    178.    Katz Technology Licensing admits that the '893 patent claims priority from the

23    '285 patent. The phrase "would have been relevant" is so vague and uncertain that Katz

24    Technology Licensing lack sufficient information and knowledge that would allow it to answer

25    the allegations set forth in the last sentence of paragraph 178 of the PacifiCorp Counterclaim and

26    therefore denies them. In any event, no response is required to the allegations set forth in the last

27    sentence of paragraph 178 of the PacifiCorp Counterclaim as the '893 and '285 patents speak for

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

17.                                    PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
                                       CV 07-03004 MJJ

1    themselves.  Katz Technology Licensing denies all remaining allegations set forth in paragraph

2    178 of the PacifiCorp Counterclaim.

3         179.    Katz Technology Licensing denies all the allegations set forth in paragraph 179 of

4    the PacifiCorp Counterclaim.

5         180.    Katz Technology Licensing denies all the allegations set forth in paragraph 180 of

6    the PacifiCorp Counterclaim.

7    **II.    False and Misleading Statements**

8         181.    Katz Technology Licensing denies all allegations set forth in paragraph 181 of the

9    PacifiCorp Counterclaim.

10        182.    Katz Technology Licensing denies all allegations set forth in paragraph 182 of the

11   PacifiCorp Counterclaim.

12        183.    Katz Technology Licensing admits that during prosecution of the '984 patent, the

13   examiner rejected application claim 10 under 35 U.S.C. § 103 "as being unpatentable over Fodale

14   in combination with the teachings of WO 87/00375 ('375)."  Katz Technology Licensing further

15   admits that the patent applicant stated during prosecution of the '984 patent, "[t]he Katz reference

16   (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968.

17   In that regard, as now recited in the specification, the present application is a continuation-in-part

18   of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent

19   4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which

20   is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference.

21   Accordingly, the international application is not properly a reference against the present case."

22   Katz Technology Licensing denies all remaining allegations set forth in paragraph 183 of the

23   PacifiCorp Counterclaim.

24        184.    Katz Technology Licensing is unable to answer the allegations set forth in the first

25   sentence of paragraph 184 of the PacifiCorp Counterclaim because it is unable to determine what

26   "properly cited" refers to and therefore denies them on these grounds.  No response to the

27   allegations set forth in the last sentence of paragraph 184 of the PacifiCorp Counterclaim is

28   required as the '984 patent speaks for itself.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

18.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

185.    Katz Technology Licensing denies all allegations set forth in paragraph 185 of the PacifiCorp Counterclaim.

186.    Katz Technology Licensing denies all allegations set forth in paragraph 186 of the PacifiCorp Counterclaim.

187.    Katz Technology Licensing denies all allegations set forth in paragraph 187 of the PacifiCorp Counterclaim.

188.    Katz Technology Licensing denies all allegations set forth in paragraph 188 of the PacifiCorp Counterclaim.

189.    Katz Technology Licensing is unable to answer the allegations set forth in paragraph 189 of the PacifiCorp Counterclaim because it is unable to determine what "substantially identical specification" or "claim subject matter encompassing similar scope" refers to and therefore denies them on that basis.

190.    Katz Technology Licensing admits that any patent term subsequent to the term of the '984 patent has been disclaimed with respect to the '734 and '120 patents.  Katz Technology Licensing denies all remaining allegations set forth in paragraph 190 of the PacifiCorp Counterclaim.

191.    Katz Technology Licensing denies all allegations set forth in paragraph 191 of the PacifiCorp Counterclaim.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

19.

PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
CV 07-03004 MJJ

1    WHEREFORE, Katz Technology Licensing prays for judgment in its favor on the

2  PacifiCorp Counterclaim and for the relief requested in its Complaint.

3  Dated:  July 23, 2007                    Respectfully submitted,

4                                           COOLEY GODWARD KRONISH LLP

5

6                                           By:    _____/s/_____
                                                     Linda F. Callison

7                                                Stephen C. Neal (State Bar No. 170085)
                                                 nealsc@cooley.com
8                                                Linda F. Callison (State Bar No. 167785)
                                                 lcallison@cooley.com
9                                                Five Palo Alto Square
                                                 3000 El Camino Real
10                                               Palo Alto, CA  94306-2155
                                                 Telephone:   (650) 843-5000
11                                               Facsimile:    (650) 857-0663

12                                          Of Counsel:

13                                               COOLEY GODWARD KRONISH LLP
                                                 Frank V. Pietrantonio
14                                               fpietrantonio@cooley.com
                                                 Jonathan G. Graves
15                                               jgraves@cooley.com
                                                 One Freedom Square
16                                               11951 Freedom Drive
                                                 Reston, VA  20190-5656
17                                               Telephone:   (703) 456-8000
                                                 Facsimile:    (703) 456-8100

18
                                            *Attorneys for Plaintiff*
19                                          *Ronald A. Katz Technology Licensing, L.P.*

20     331905 v1/RE

21

22

23

24

25

26

27

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
PALO ALTO

20.        PLF'S REPLY TO COUNTERCLAIM OF DEF. PACIFICORP
           CV 07-03004 MJJ