# ATTACHMENT A

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

June 20, 2007

TO INVOLVED COUNSEL

Re: MDL-1816 -- In re Katz Interactive Call Processing Patent Litigation

(See Attached CTO-2)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** July 5, 2007   (4 p.m. EST)
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By _____
Mecca S. Thompson
Deputy Clerk

Attachments

JPML Form 39

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 20 2007

FILED
CLERK'S OFFICE

DOCKET NO. 1816

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-2)*

On March 20, 2007, the Panel transferred 25 civil actions to the United States District Court for the Central District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See _F.Supp.2d_ (J.P.M.L. 2007). Since that time, one additional action has been transferred to the Central District of California. With the consent of that court, all such actions have been assigned to the Honorable Robert Gary Klausner.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Central District of California and assigned to Judge Klausner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Central District of California for the reasons stated in the order of March 20, 2007, and, with the consent of that court, assigned to the Honorable Robert Gary Klausner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Central District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

## SCHEDULE CTO-2 - TAG-ALONG ACTIONS
## DOCKET NO. 1816
## IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| CAN  3  07-3004 | Ronald A. Katz Technology Licensing, L.P. v. Bank of the West, et al. |
| **DELAWARE** | |
| DE  1  07-361 | Ronald A. Katz Technology Licensing, L.P. v. Comcast Corp., et al. |
| DE  1  07-368 | Ronald A. Katz Technology Licensing, L.P. v. Citizens Communications Co., et al. |
| **GEORGIA NORTHERN** | |
| GAN  1  07-1325 | Ronald A. Katz Technology Licensing, L.P. v. The Southern Co., et al. |
| **HAWAII** | |
| HI  1  07-314 | Ronald A. Katz Technology Licensing, L.P. v. First Hawaiian Bank |
| **ILLINOIS NORTHERN** | |
| ILN  1  07-3235 | Ronald A. Katz Technology Licensing, L.P. v. Exelon Corp., et al. |
| **INDIANA SOUTHERN** | |
| INS  1  07-716 | Ronald A. Katz Technology Licensing, L.P. v. Old National Bancorp., et al. |
| **MICHIGAN EASTERN** | |
| MIE  2  07-12459 | Ronald A. Katz Technology Licensing, L.P. v. CMS Energy Corp., et al. |
| **MISSOURI EASTERN** | |
| MOE  4  07-1083 | Ronald A. Katz Technology Licensing, L.P. v. Ameren Corp., et al. |
| **NORTH CAROLINA EASTERN** | |
| NCE  5  07-202 | Ronald A. Katz Technology Licensing, L.P. v. Progress Energy, Inc., et al. |
| **NEW JERSEY** | |
| NJ  2  07-2658 | Ronald A. Katz Technology Licensing, L.P. v. Public Service Enterprise Group, Inc., et al. |
| **NEVADA** | |
| NV  2  07-737 | Ronald A. Katz Technology Licensing, L.P. v. Sierra Pacific Resources, et al. |
| **NEW YORK SOUTHERN** | |
| NYS  1  07-5392 | Ronald A. Katz Technology Licensing, L.P. v. Consolidated Edison Co. of New York, Inc., et al. |
| NYS  1  07-5442 | Ronald A. Katz Technology Licensing, L.P. v. New York Life Insurance Co., et al. |
| **OHIO NORTHERN** | |
| OHN  1  07-1706 | Ronald A. Katz Technology Licensing, L.P. v. Cincinnati Bell, Inc., et al. |
| **OHIO SOUTHERN** | |
| OHS  1  07-451 | Ronald A. Katz Technology Licensing, L.P. v. Fifth Third Bancorp, et al. |
| **OKLAHOMA WESTERN** | |
| OKW  5  07-650 | Ronald A. Katz Technology Licensing, L.P. v. OGE Energy Corp., et al. |
| **PENNSYLVANIA EASTERN** | |
| PAE  2  07-2313 | Ronald A. Katz Technology Licensing, L.P. v. PPL Corp., et al. |
| **RHODE ISLAND** | |
| RI  1  07-210 | Ronald A. Katz Technology Licensing, L.P. v. Citizens Financial Group, Inc., et al. |
| **TEXAS EASTERN** | |
| TXE  2  07-232 | Ronald A. Katz Technology Licensing, L.P. v. Continental Airlines, Inc., et al. |
| TXE  2  07-233 | Ronald A. Katz Technology Licensing, L.P. v. TXU Corp., et al. |
| TXE  2  07-237 | Ronald A. Katz Technology Licensing, L.P. v. BMG Columbia House, Inc., et al. |
| TXE  6  07-260 | Ronald A. Katz Technology Licensing, L.P. v. Colonial Bank N.A., et al. |

RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

## RULE 7.4: CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a) Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d) Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e) Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

## RULE 7.5: MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a) Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b) Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c) Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d) A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e) Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

INVOLVED COUNSEL LIST (CTO-2)
DOCKET NO. 1816
IN RE KATZ INTERACTIVE CALL PROCESSING PATENT LITIGATION

Eric Miller Albritton
P.O. Box 2649
Longview, TX 75606

W. Edward Bailey
Heller Ehrman, LLP
Times Square Tower
7 Times Square
New York, NY 10036

Celia Barenholtz
Cooley, Godward, Kronish, LLP
1114 Avenue of the Americas
New York, NY 10036

William D. Bierman
Nowell, Amorso, Klein, Bierman, P.A.
155 Polify Road
Hackensack, NJ 07601

John E. Bulman
Little, Medeiros, Kinder,
Bulman & Whitney
72 Pine Street, 5th Floor
Providence, RI 02903

Rebecca Lyn Butcher
Landis, Rath & Cobb, LLP
919 Market Street, Suite 600
P.O. Box 2087
Wilmington, DE 19899

Linda F. Callison
Cooley, Godward, Kronish, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

James D. Cashel
Montgomery, McCracken,
Walker & Rhoads
The Fidelity Building
123 South Broad Street
Philadelphia, PA 19109-1030

Andrew P. Gordon
McDonald, Carano & Wilson
2300 W. Sahara Avenue
Suite 1000-10
Las Vegas, NV 89102

Robert J. Hanna
Tucker Ellis & West, LLP
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1475

Richard L. Horwitz
Potter Anderson & Corroon, LLP
Hercules Plaza, 6th Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951

David Scott Kerven
Weatherly, Kerven & Seigel, LLC
15 Perimeter Center Place
Suite 1082
Atlanta, GA 30346-1245

Robert G. Klein
McCorriston, Miller, Mukai &
MacKinnon, LLP
Five Waterfront Plaza, Suite 400
500 Ala Moana Boulevard
Honolulu, HI 96813

Kathleen A. Lang
Dickinson Wright, PLLC
500 Woodward Aveune
Suite 400
Detroit, MI 48226-3425

Collin Michael Maloney
Ireland, Carroll & Kelley
6101 S. Broadway
Suite 500
Tyler, TX 75703

Rachel K. McCombs
Walls, Walker, Harris & Wolfe, PLLC
3030 N.W. Expressway
Suite 500
Oklahoma City, OK 73112

John Michael Pickett
Young, Pickett & Lee
4122 Texas Blvd.
P.O. Box 1897
Texarkana, TX 75504-1897

Donald John Rafferty
Cohen, Todd, Kite & Stanford
250 E. Fifth Street
Suite 1200
Cincinnati, OH 45202-4139

James W. Riley, Jr.
Riley, Bennett & Egloff, LLP
141 East Washington Street
Suite 400
Indianapolis, IN 46204

Gary R. Sarachan
Capes & Sokol
7701 Forsyth Boulevard
12th Floor
St. Louis, MO 63105

Matthew W. Sawchak
Ellis & Winters, LLP
P.O. Box 33550
Raleigh, NC 27636

Chad Allen Schiefelbein
Vedder, Price, Kaufman
& Kammholz. P.C.
222 North LaSalle Street
Suite 2400
Chicago, IL 60601

John M. Seaman
Bouchard, Margules & Friedlander, P.A.
222 Delaware Avenue
Suite 1400
Wilmington, DE 19801

Clyde Moody Siebman
Siebman, Reynolds, Burg & Phillips, LLP
300 North Travis Street
Sherman, TX 75090-0070